**STATE of Missouri, Plaintiff-Respondent,**

v.

**Michael Eugene McNEAL, Defendant-Appellant.**

**No. 35535.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 10, 1974.

David M. Adams, Asst. Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Donald R. Bird, Asst. Attys. Gen., Jefferson City, and Brendan Ryan, Circuit Atty., Henry J. Fredericks, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

GUNN, Judge.

Defendant appeals his conviction of robbery in the first degree by means of a dangerous and deadly weapon. Defendant does not challenge the sufficiency of the evidence and raises only a single point on appeal concerning the prosecutor's comment on the defendant's failure to testify. The single point is enough, and we reverse and remand.

At defendant's request the trial court gave the following instruction to the jury:

"You are further instructed that you are to draw no inference whatsoever from defendant's failure to testify as a witness in this case."

During his closing argument, the prosecutor made the following statement to the jury:

"The court says in Instruction No. 7: You are further instructed you [sic] are

to draw no inference whatsoever from defendant's failure to testify as a witness in this case; *that is to say, that the defendant himself elected not to testify.*" (emphasis added)

Defendant's counsel made timely objection, which was sustained, but the motion for mistrial was denied.

The foregoing statement of the prosecutor is nothing less than a clear and direct comment on defendant's failure to testify and is positively forbidden under § 546.270, RSMo 1969, V.A.M.S., and Rule 26.08, V.A.M.R. State v. Gray, 503 S.W.2d 457 (Mo.App.1973). Critical to the issue of whether the prohibition against directing the jury's attention to defendant's failure to testify is comment on the words "defendant" or "accused" and "testified." State v. Shields, 391 S.W.2d 909 (Mo. 1965), cert. denied, 382 U.S. 966, 86 S.Ct. 457, 15 L.Ed.2d 369; State v. Lindner, 282 S.W.2d 547 (Mo.1955); State v. Gray, supra. The prosecutor's words "that is to say, that defendant himself elected not to testify" is an egregious violation of the statute and rule which impose an interdiction against direct comment on the defendant's failure to testify.

The State, on this appeal left with the unenviable task of attempting to justify the prosecutor's fundamental and rather opprobrious error, argues that the statement is nothing more than a paraphrase of the instruction offered by defendant. In answer to this we say: first, the instruction[1] given warranted absolutely no comment by the prosecutor; second, the statement was not a proper paraphrase of the instruction. The State cites several cases for the proposition that the prosecutor may make reference that the accused has not contradicted the evidence posed by the State.[2] But these cases are not felicitous here, for the prosecutor's comments were not simply a reference to the failure of de-

1. The appropriate instruction would now be MAI-CR 3.76.

2. State v. Sechrest, 485 S.W.2d 96 (Mo. 1972); State v. Hutchinson, 458 S.W.2d

fendant to offer evidence or to call witnesses as permitted in the cases cited by the State. The prosecutor here made a direct and certain reference to defendant's failure to testify, and he may not do that. His comment was prejudicially harmful and in error.[3] All the cases cited by the State accept that fact.

The judgment is reversed and remanded.

SIMEONE, P. J., and McMILLIAN, J., concur.

553 (Mo.Banc 1970); State v. Hampton, 430 S.W.2d 160 (Mo.1968); State v. Dulaney, 428 S.W.2d 593 (Mo.1968); State v. Thompson, 425 S.W.2d 80 (Mo.1968). Additionally, see State v. Pruitt, 479 S.W.2d 785 (Mo.Banc 1972); State v. Terry, 472 S.W.2d 426 (Mo.Banc 1971); State v. Jackson, 444 S.W.2d 389 (Mo.1969), cert. denied, 397 U.S. 1014, 90 S.Ct. 1247, 25 L.Ed.2d 428 (1970); State v. Jenkins, 516 S.W.2d 522 (Mo.App.1974); State v. Voegtlin, 509 S.W.2d 488 (Mo.App.1974); State v. Hudson, 508 S.W.2d 707 (Mo.App.1974); Cloud v.

State, 507 S.W.2d 667 (Mo.App.1974); State v. Mick, 506 S.W.2d 35 (Mo.App.1974).

3. The Supreme Court in Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), refused to adopt an absolute rule which would require an automatic reversal for every violation of a federal constitutional right, such as a comment on the failure of the defendant to testify. The harmless error rule of *Chapman* is not applicable to Missouri.