**STATE of Missouri, Plaintiff-Respondent,**

v.

**Johnnie OVERALL, Defendant-Appellant.**

No. 36067.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Feb. 11, 1975.

Henry J. Rieke, Asst. Public Defender, 22nd Judicial Circuit, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., K. Preston Dean II, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

This is an appeal by defendant from a judgment of conviction entered by the circuit court of the City of St. Louis upon a jury verdict finding defendant guilty of robbery in the first-degree by means of a dangerous and deadly weapon, § 560.120 and § 560.135, RSMo 1969.[1] After conviction pursuant to § 556.280(1), the court sentenced defendant to the custody of the Department of Corrections for twenty (20) years.

Because the jury was unable to reach a verdict, the court declared a mistrial on Count II of the indictment which charged defendant with assault with intent to kill with malice, § 559.180. For reasons given herein, we affirm the judgment.

Defendant's sole claim of error is leveled at comments made by the prosecutor in his summation which he claims amounted to a comment on his failure to testify in contra-

1. All statutory references are to RSMo 1969, V.A.M.S.

vention to § 546.270. The prosecutor, in his final argument, stated as follows:

". . . And this evidence stands undenied. Not one person, not one piece of evidence says of a person who had an opportunity to see what happened, not one word was said to the contrary. Consider that. Not one word. See the entirety. They talk about burden of proof beyond a reasonable doubt. Do you know that the evidence that you have heard in this courtroom stands undenied, stands without any qualification, stands without any attack on it . . ."

Neither a specific objection to the prosecutor's comment was made during the trial nor was an allegation of error incorporated in his motion for a new trial directed to the comments. Consequently, defendant seeks a review and reversal of the judgment under our "plain error" rule, Rule 27.20(c), V.A.M.R.

The Missouri statutory prohibition of comments by prosecutors on a defendant's failure to testify, § 546.270, RSMo 1969, is consistent with the decision of the United States Supreme Court in Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). Griffin established that such a restriction on the comments of the prosecutor in state court proceedings was required by the due process clause. In Griffin, the objectionable comments by the prosecutor however consisted of three direct references to the defendant's failure to testify, id., at page 611, 85 S.Ct. 1229. Similar direct comments appeared in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) and necessitated the finding of error. From the facts of these cases, the limitation required by due process could be read simply as a limitation on direct references by the prosecutor.

Recent Missouri cases require that the comments by the prosecutor to constitute reversible error must be a direct and certain reference to the defendant's failure to testify, State v. Hutchinson, 458 S.W.2d 553, 555 (Mo.Banc 1970); State v. Pruitt, 479 S.W.2d 785, 789 (Mo.Banc 1972); and State v. Jenkins, 516 S.W.2d 522 (Mo. App.1974). Under this limited standard, the statement by the prosecutor in the present case does not constitute reversible error. Words clearly pointing out that the defendant did not testify do not appear in the prosecutor's statement. The comments of the prosecutor appear rather to fall within the permitted range of discussion by the prosecutor of the evidence in general and the failure of the defense to offer evidence, State v. Sechrest, 485 S.W.2d 96, 98 (Mo.1972); State v. Pruitt, supra, 479 S.W.2d at 789; State v. Jenkins, supra.

As previously indicated, the defendant failed to object to the statement at the time of the trial and failed to raise the issue in a motion for a new trial. Treatment of defendant's action under the plain error rule only allows reversal where the previous decision has resulted in "manifest injustice or miscarriage of justice," Rule 27.20(c), V.A.M.R. Petitioner desires this court to condemn the action of the trial court without citing any cases in which statements such as the prosecutors have been found to equal plain error. This we decline to do.

In a supplemental pro se brief the defendant himself alleges ineffective assistance of counsel. On the record before us such post-conviction relief cannot appropriately be considered on this appeal.

Judgment affirmed.

SIMEONE, P. J., and GUNN, J., concur.