STATE of Missouri, Plaintiff-Respondent,

v.

Evans CHAPMAN, Jr.,
Defendant-Appellant.

No. 37104.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 4, 1976.

Rehearing Denied June 15, 1976.

Application to Transfer Denied
Sept. 13, 1976.

---

James C. Jones, Asst. Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Defendant appeals from a judgment of conviction entered by the trial court on a jury verdict finding him guilty of burglary in the second degree, and a sentence of ten (10) years imprisonment imposed by the court.

The sole question for our decision is whether the trial court's failure, prior to reading its instructions to the jury, to ask the defendant's attorney, in the presence of the jury, if the defense wished to present any evidence, was a comment upon defendant's failure to testify. We think not and affirm the judgment of conviction.

Defendant raises no question as to either the sufficiency of the evidence or the reception of the evidence; therefore, we present no narrative of the facts.

At the close of the state's case, defendant's attorney announced to the court, out of hearing of the jury, that defendant would not put on any evidence. After the instruction conference, trial was resumed, and the court announced that it would read its instructions. Defendant objected and requested a mistrial contending that the court's announcing its intention to read the instructions prior to asking whether the defense wished to present evidence was an infringement upon defendant's right to refuse to testify.

Defendant relies for support of his position upon *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *Malloy v. Hogan,* 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964); *State v. Gray,* 503 S.W.2d 457, 461–462 (Mo.App.1973) and § 546.270, RSMo 1969. While we agree with the general law set forth in the cases relied upon by defendant, we disagree with his conclusions drawn therefrom.

To develop at length defendant's contention would have no precedential value.

In *Gray,* supra, we held that a direct comment by the court on a defendant's refusal to testify was error. Likewise, our court has held that a statement by a prosecutor was a comment upon a defendant's failure to testify. *State v. McNeal,* 517 S.W.2d 187, 188 (Mo.App.1974). In either of the above situations, we apply the "direct and certain reference" test. *Eichelberger v. State,* 524 S.W.2d 890, 894 (Mo.App.1975); *State v. Jenkins,* 516 S.W.2d 522, 528 (Mo.App.1974) and *State v. Gray,* supra, at 463. This test focuses upon the words "defendant," "accused," and "testify." *State v. McNeal,* supra. Applying the "direct and certain reference" test to the instant case, the announcement by the court constituted neither a direct nor an indirect reference to defendant's failure to testify. Consequently, we find no error and rule this contention against defendant.

Judgment affirmed.

WEIER, P. J., and RENDLEN, J., concur.