STATE of Missouri, Respondent,

v.

Walter SCOTT, a/k/a Willie Roy
Jones, Appellant.

No. 37218.

Missouri Court of Appeals,
St. Louis District.

Nov. 15, 1977.

Motion for Rehearing and/or Transfer
Denied Jan. 18, 1978.

Robert C. Babione, Public Defender, Joseph W. Warzycki, Asst. Public Defender, St. Louis, for appellant.

John C. Danforth, Preston Dean, Jefferson City, J. Brendan Ryan, Terrence J. O'Toole, St. Louis, for respondent.

ALBERT L. RENDLEN, Special Judge.

Walter Scott appeals his conviction of attempted burglary second degree and sentence by the court under the Second Offender Act to five years imprisonment.

Defendant contends on appeal: (1) the court erred in overruling appellant's objection to a statement by the prosecutor during voir dire examination outlining appellant's right not to testify; and (2) error in overruling appellant's objection to testimony by the arresting officers that a car parked at the scene had its ignition on, as it raised an inflammatory inference that it was a "getaway car".

The facts are simple. On December 29, 1974, at about 3:00 a. m., two St. Louis police officers, responding to a radio report of prowlers attempting entry, observed defendant in the process of prying open a door of the Sorrento Lounge with a crow bar. His companion, Louis Hall, assisted by holding a flashlight to illuminate the work at hand. Defendant and his cohort (who also had a screwdriver) were arrested flagrante delicto.

During voir dire of the venire the prosecutor made the following statement and asked the following question:

"You are all aware of the Fifth Amendment to our constitution that a person has a right, and [sic] absolute right not to testify, and as a result of electing to use that right, his decision to do so you may not make any assumption based on that. You may not draw any unfavorable conclusions as to what were the causes of a man choosing not to testify. Is there anyone who doesn't understand or who can't agree with that[?]"

Objecting out of the jury's hearing, defendant complained the statement constituted a comment on his failure to testify. The trial court, overruling the objection, indicated the statement was not a comment on the failure to testify when made at that stage of the proceeding and the court did not perceive any prejudicial effect. The prosecutor did not pursue that line of questioning.

Section 546.270, RSMo 1969, VAMS, and Supreme Court Rule 26.08 forbid the state to comment on a defendant's failure to testify. The purpose of this Rule, to avoid drawing the jury's attention to a defendant's exercise of his right not to testify, can only be served if the state refrains from mention of the right. However, in this case the prosecutor's statement was not a comment on the defendant's failure to

testify as condemned in *State v. McNeal,* 517 S.W.2d 187 (Mo.App.1974).[1] Clearly, there was no direct and certain reference to defendant's failure to testify as denounced and proscribed in *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, rehearing den. 381 U.S. 957, 85 S.Ct. 1797, 14 L.Ed.2d 730 (1967). See also *State v. McNeal, supra* at 188[1], and *State v. Gray,* 503 S.W.2d 457 (Mo.App.1973). The prosecutor's statement was simply a general statement of the law concerning an accused's Fifth Amendment rights. We find that the court's ruling on the objection to the statement during voir dire was not an abuse of discretion constituting prejudicial error warranting mistrial. Though our courts are properly critical of prosecutorial comment on the assertion by a defendant of his Fifth Amendment rights, the language here was not manifestly intended nor of such character that it could be said to have constituted a reference to defendant's failure to testify. *State v. Wilborn,* 525 S.W.2d 87 (Mo.App.1975).

■ In addition, defendant effectively waived his prior objection to the statement made to the venire. The voir dire was extensive, filling forty-six transcript pages and the prosecutorial statement to which defendant objected occurred early in the state's inquiry to the array. At the conclusion of the state's interrogation, defense counsel questioned the venire at length and on completion of that examination but *prior* to making the preemptory strikes, he turned to the court and stated, "Your Honor, this panel is acceptable to the defendant." This effectively waived defendant's prior objection to the "offending" question and statement of the prosecutor. The announcement of defense counsel, made in the presence of the jury was unsolicited and could not be construed as coerced or forced by any question from the bench. It is clearly within the viable ambit of *State v. Turn-*

bough, 498 S.W.2d 567, 570[1] (Mo.1973), even as the holding in that case has been construed and narrowed by *State v. Brown,* 547 S.W.2d 797 (Mo. banc 1977). Defense counsel's gratuitous comment to the court in the presence of the array could only have been intended to intentionally waive his previously overruled objection and to impress the listening prospective jurors of his approval of them as the panel from which the jury of twelve could be selected. Under the facts here, defendant may not expressly accept a panel, proceed to trial and then, only after an adverse verdict, complain of prejudice in voir dire. The point is denied.

■ Defendant next contends the trial court erred in overruling his objection to testimony by the arresting officer that he examined an automobile parked near the scene and found it unlocked with the ignition on but the motor off. Out of the jury's hearing the prosecutor argued materiality of these facts as tending to show "the means and the preparations." No testimony was offered to connect defendant to the car (it had been stolen), but the court permitted the testimony as part of the res gestae.

Without evidence to tie the car to defendant, the materiality of this testimony was at best tenuous. However, we are unable to see how defendant was prejudiced. "The admission in evidence of facts immaterial or irrelevant to the issues and without probative force cannot constitute prejudicial or reversible error. Irrelevant or immaterial evidence is excluded not because it is inflammatory or prejudicial, but because its admission has a tendency to draw the jury's attention away from the issues it has been called on to resolve." *State v. Walden,* 490 S.W.2d 391, 393[3] (Mo.App.1973); *State v. Kerr,* 531 S.W.2d 536, 543[16] (Mo.App. 1975). Defendant argues the jury would infer the car was a "getaway car" and thus be prejudiced. This merits little discussion.

---

1. In *State v. McNeal, supra* at 188, the prosecutor during closing argument made use of the critical words, "[the] defendant himself elected

not to testify," after noting that the defendant had chosen not to take the stand.

A car is not automatically a getaway car. The jury could only arrive at this inference after concluding appellant was engaged in some illegal act requiring a "getaway car". We are mindful that this is not a typical circumstantial evidence case, the direct evidence with only minimal reliance on the reasonable inferences pointed to guilt. Testimony concerning the automobile may be described as inconsequential, if there was error in its admission no prejudice resulted.

Judgment affirmed.

McMILLIAN, P. J., dissents in separate opinion.

STEWART, J., concurs.

McMILLIAN, Presiding Judge, dissenting.

I respectfully dissent. As our supreme court has said on numerous occasions, we must assume that jurors are possessed of normal intelligence. Consequently, those veniremen that were ultimately selected to hear the case obviously knew that a person, in this case the defendant, had the right not to testify. This because they had been informed by the prosecutor, with the court's tacit approval, on the voir dire examination that such was the case. While it is true that the prosecutor did not say defendant in so many words, yet, he did say "person," and defendant was the only person then being tried. Moreover, I reject the notion of the majority that the statement in question made by the prosecutor gained in respectability simply because (1) it was made preliminary to the trial proper; or (2) that it was simply a general statement of the law concerning an accused's Fifth Amendment right.

Additionally, I find that the majority's reliance upon *State v. Turnbough*, 498 S.W.2d 567, 570[1] (Mo.1973) is not only misplaced but also is an abortive attempt to find a waiver, contrary to what was decided in *State v. Brown*, 547 S.W.2d 797, 805 (Mo. banc 1976). In fact, the court's reliance upon *Turnbough* is in direct conflict with the holding in the *Brown* case.

For the reasons given above, I would reverse the judgment and remand the cause for a new trial.