**STATE of Missouri, Plaintiff-Respondent,**

v.

**Patrick Michael BUFALO, Defendant-Appellant.**

**No. 38990.**

Missouri Court of Appeals, St. Louis District, Division 1.

Dec. 27, 1977.

Motion for Rehearing and/or Transfer Denied Feb. 14, 1978.

---

James Asher, Law Intern, Arthur Kreisman, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Defendant Patrick Michael Bufalo appeals from a judgment entered upon a jury verdict in the Circuit Court of the City of St. Louis finding him guilty of the unlawful sale of a Schedule II Controlled Substance, hydromorphone, also called dilaudid, § 195.-200(1), (4), RSMo 1969. The jury assessed a term of seven (7) years imprisonment. For reversal defendant argues that (1) the trial court erred in orally giving an instruction to the jury during closing arguments instead of in writing, (2) the trial court erred in returning a written answer in response to a question submitted by the jury which under the circumstances constituted a comment on the merits of the case, and (3) the circuit attorney's opening remarks to the jury during voir dire and the trial court's comments on the merits at the end of the trial created an atmosphere of substantial prejudice and denied defendant a fair trial. For the reasons discussed below, we disagree and accordingly affirm the judgment.

Defendant does not challenge the sufficiency of the evidence. From the evidence presented the jury could have reasonably found that defendant sold two tablets of hydromorphone or dilaudid for $26.00 to an undercover police officer.

Defendant first argues that the trial court erred in orally giving an instruction to the jury during closing arguments instead of in writing. Rule 26.02(6), V.A.M.R. (1975), provides that in all felony cases the instructions of the trial court to the jury on questions of law and character must be in written form. Since the trial court orally instructed the jury, defendant argues that good cause exists to set aside the jury verdict and grant a new trial. Rules 26.02(6), 26.09, V.A.M.R. (1975); State v. Baugh, 382 S.W.2d 608, 612 (Mo.1964); State v. Jordan, 506 S.W.2d 74, 78 (Mo.App.1974).

The trial court's instruction was given after defense counsel brought up the alleged obligation of the state to prove any prior wrongdoing on the part of defendant. The circuit attorney objected to this argument and the trial court stated that the jury would remember the evidence. Before beginning closing argument the circuit attorney approached the bench and requested permission to introduce evidence of a prior conviction in response to the suggestion made by defense counsel. The trial court did not permit the introduction of new evidence, but instead orally instructed the jury to disregard the comments by defense counsel concerning the state's obligation to prove prior wrongdoing.

We do not believe that the instruction of the trial court was an instruction within the meaning of Rule 26.02(6). Every statement of the trial court to the jury is not necessarily an instruction, e. g., State v. Baugh, supra; State v. Jordan, supra. In this case the oral instruction was a correction of defense counsel's inaccurate suggestion that the state would have produced evidence of prior wrongdoing if there had been such evidence. "An oral direction or cautionary remark not a part of the law of the case need not be in writing." State v. Jordan, supra, at 78; see also State v. Grant, 394 S.W.2d 285, 288–289 (Mo.1965).

In State v. Jordan, the trial judge corrected a statement made by defense counsel during voir dire. Defense counsel had suggested to the prospective jurors that failure to reach a verdict was "a perfectly acceptable outcome." The trial court reminded the jury that it was their obligation to resolve the case. On appeal defendant asserted that this oral instruction had been given in violation of Rule 26.02(6). The court found this was not an instruction within the meaning of the rule. 506 S.W.2d at 78. As in the present case, the comment of the trial court was not on the law of the case and was similarly directed as much to defense counsel himself as to the jurors.

Defendant also argues that the trial court erred in returning a written answer in response to a question submitted by the jury. The jury submitted the question at 3:30 p. m. The jury wanted to know whether it would make any difference if this was defendant's first narcotics offense. The trial court answered in writing instructing the jury that they were to be guided by the evidence as they remembered it. Ten min-

utes later, at 3:50 p. m., the jury came in with the verdict. Defendant contends that, under these circumstances, the trial court's answer was a disclosure that defendant did, in fact, have a prior narcotics conviction, a comment on the merits of the case and, given the timing of the answer and the verdict, the decisive factor.

■ We do not agree. The trial court informed both defense counsel and the circuit attorney of the question and his proposed answer. The trial court gave both attorneys the opportunity to make some kind of stipulation but defense counsel did not object. This point is therefore not properly preserved for review, e. g., State v. Johnson, 510 S.W.2d 485 (Mo.App.1974). Under the plain error rule, it must be found that a sound, substantial manifestation or a strong, clear showing that injustice or a miscarriage of justice will result if the rule is to be invoked. Rule 27.20(c), V.A.M.R. (1975); e. g., State v. Jones, 544 S.W.2d 25 (Mo.App.1976); State v. Wendell, 542 S.W.2d 339, (Mo.App.1976).

■ We do not believe that the trial court so misdirected or failed to instruct the jury on law of the case that the misdirection or failure, if any, caused manifest injustice, e. g., State v. Tate, 543 S.W.2d 514 (Mo.App.1976); State v. Merritt, 540 S.W.2d 183 (Mo.App.1976); State v. Murphy, 533 S.W.2d 716 (Mo.App.1976). The trial court carefully worded the answer to avoid introducing any new evidence to the jury. The answer merely instructed the jury to rely on the evidence presented in the case. No evidence of a prior conviction had been introduced; in fact, the question was probably prompted by defense attorney's comments concerning the state's obligation to prove prior wrongdoing.

Furthermore, the trial court's answer did not have a prejudicial impact on the jury. The answer directed the jury to consider the evidence as presented in the case. The answer did not indicate to the jury the trial court's opinion on the merits of the case or the veracity of a witness, e. g., State v. Hill, 518 S.W.2d 682, 685 (Mo.App.1975). The answer did not contain a "hammer instruction." See State v. Sanders, 552 S.W.2d 39, 40–41 (Mo.App.1977). On this basis we distinguish Sanders, in which the court found the giving of a hammer instruction after the jury foreman indicated the jury was unable to unanimously agree constituted prejudice and reversible error when the jury returned a verdict of guilty ten minutes later.

Defendant finally argues that the circuit attorney's opening remarks during voir dire and the trial court's comments on the merits created an atmosphere of substantial prejudice that denied a fair trial. We have already discussed the trial court's statement to the jury and do not believe it constitutes a comment on the merits.

During voir dire the circuit attorney in his opening remarks informed the jury that they were to listen to the evidence presented by "Mr. Kreisman (the defense attorney) and myself. . . ." Defendant objected on the ground that defendant had no obligation to present any evidence and requested that the jury panel be discharged. The trial court sustained the objection but overruled the motion to discharge, instructing the jury panel to disregard the circuit attorney's remark.[1] Defendant argues that the opening remark constituted an impermissible comment on his failure to testify[2] which could not be cured by the trial court's cautionary instructions.

■ Comment on the failure of a defendant to testify is a violation of the constitutional privilege against self-incrimination. U.S.Const. Amend. V; Mo.Const. Art. I, § 19 (1945); § 546.270 RSMo 1969; Rule 26.08, V.A.M.R. (1975); Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d

---

1. We would encourage the trial court to more fully instruct the jury panel that defendant has no obligation to present any evidence and that the burden of proof rests upon the state.

2. We distinguish the related issue of the burden of defendant to present any evidence, e. g., State v. Purvis, 525 S.W.2d 590 (Mo.App.1975) (defendant has no burden to prove his innocence).

106 (1965); *State v. Hutchinson,* 458 S.W.2d 553 (Mo. banc 1970). Missouri cases have required a "direct, unambiguous and unequivocal prosecutorial comment" on the failure of the defendant to testify. *State v. Frankoviglia,* 514 S.W.2d 536, 541 (Mo. 1974). The challenged statement must constitute either a direct reference or "such indirect reference thereto that it was reasonably apt to have directed the jury's attention to the fact he did not testify." *Eichelberger v. State,* 524 S.W.2d 890, 894 (Mo.App.1975), citing *State v. Shields,* 391 S.W.2d 909, 913 (Mo.1965). Under the direct reference test, the use of the words "defendant," "accused" and "testify" is crucial, *e. g., State v. McNeal,* 517 S.W.2d 187, 188 (Mo.App.1974). These words were not used in the challenged statement.

Under the indirect reference test, the court is required to view the challenged statement in the context in which it appears. *State v. Eichelberger,* supra. Evaluation of the prejudicial impact of a particular statement, however, is a matter within the discretion of the trial court and, absent an abuse of discretion, will not be disturbed on appeal, *e. g., State v. Hutchinson,* 458 S.W.2d 553, 556 (Mo. banc 1970), citing *State v. Tiedt,* 360 Mo. 594, 229 S.W.2d 582, 588 (Mo. banc 1950); *State v. Scott,* 560 S.W.2d 879 (Mo.App. 1977); *State v. Jenkins,* 516 S.W.2d 522, 528 (Mo.App.1974). We find no abuse of discretion. The challenged statement did not indirectly refer to the failure of the defendant to testify. Although we are critical of the circuit attorney's comment, the reference was very removed from the kind condemned in the cases and the jury was cautioned by the trial court to disregard.

Accordingly, the judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.