Evans CHAPMAN, Jr., Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 39052.

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 31, 1978.

Motion for Rehearing and/or Transfer
Denied March 10, 1978.

Sestric, McGhee & Miller, Robert W. Miller, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

In 1975 a jury found movant (hereafter defendant) Evans Chapman, Jr., guilty of burglarizing the Jackson home and under the Second Offender Act the trial court imposed ten years' imprisonment. Affirmed, *State v. Chapman,* 539 S.W.2d 535 (Mo.App.1976).

Defendant subsequently moved for post-conviction relief and the trial court denied the motion following an evidentiary hearing. This appeal followed, defendant contending his original trial counsel, Mr. Frank Fabri, failed to render adequate assistance.

The state's evidence at defendant's burglary trial was that police arrested him inside the burglarized home. Defendant did not testify. His trial counsel argued defendant was proven to be a trespasser but not a burglar.

Defendant testified at the hearing on his motion. The essence was that before trial he had told Mr. Fabri about two witnesses. On the night of his arrest he was looking for his girl friend, Pauline Brown, whom he believed might be in the Jackson home. She had once pointed out the Jackson house as a place she often visited. Defendant also testified he had informed Mr. Fabri he had told his brother-in-law, Willie Moorehead, that his car was parked at the Jackson house while he was looking for his girl friend. Defendant did not present Pauline Brown at the post-conviction hearing, but Willie Moorehead testified that on prior occasions he had taken defendant around the neighborhood looking for Pauline Brown.

Defendant called Mr. Fabri at the post-conviction hearing. He testified he had asked Willie Moorehead to be a trial witness but decided not to put him on. Mr. Fabri denied defendant had ever told him of Pauline Brown and said he had never heard of her before defendant named her at the post-conviction hearing.

We look to defendant's challenges to Mr. Fabri's allegedly inadequate assistance. Counsel did not present defendant as a witness at trial; defendant had five prior burglary convictions, and his asserted reason for being inside the victim's house was self-serving. Not presenting him as a witness was a matter of trial strategy. So also was counsel's decision not to call defendant's brother-in-law, who at most could testify he had previously taken defendant through the neighborhood in search of Pauline Brown. As to her, Mr. Fabri testified, and the trial court could well have believed, that defendant did not give her name to Mr. Fabri at his initial interview and that her name was first mentioned at the post-conviction hearing.

A movant who contends he received inadequate investigation by his counsel has the burden of showing a fuller investigation would have uncovered evidence which would have improved his trial position and that he was thereby deprived of substantial evidence to his prejudice. *Fritz v. State,* 524 S.W.2d 197[1–3] (Mo.App. 1975). Considering defendant's previous convictions and the difficulty, if not impossibility, of overcoming the state's strong evidence of guilt, we cannot say the trial court erred in not finding inadequate assistance of counsel. Defendant has failed to show, as he must, that the denial of his motion was clearly erroneous. *Stewart v. State,* 542 S.W.2d 544[3–5] (Mo.App.1976).

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.