**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Calvin BRONAUGH,
Defendant-Appellant.**

No. 39448.

Missouri Court of Appeals,
St. Louis District,
Division 1.

Sept. 12, 1978.

Motion for Rehearing and/or Transfer
Denied Oct. 13, 1978.

Application to Transfer Denied
Nov. 6, 1978.

J. Martin Hadican, Clayton, for defendant-appellant.

John D. Ashcroft, Atty. Gen. and Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty. and Robert G. Callahan, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

CRIST, Judge.

Defendant appeals his conviction of robbery in the first degree by means of a dangerous and deadly weapon and carrying a concealed weapon. He does not challenge the sufficiency of the evidence.

Defendant raises two points on appeal. He contends that certain statements made by the prosecutor in final argument constitute an impermissible reference to the defendant's failure to testify and an impermissible reference to the failure of defendant to produce evidence of his good character. We disagree.

The defendant did not testify at the trial. At defendant's request the trial court gave the following instruction to the jury:

"Under the law, a defendant has the right not to testify. No presumption of guilt may be raised and no inference of any kind may be raised from the fact that the defendant did not testify."

The prosecutor made the following remarks during his closing argument:

"Its not easy to serve as a juror on a criminal case when you come down to this point cause in exactly forty minutes the case is going to be given to you twelve citizens to make a judgment. But, this is your guide here (indicating). You're not sitting as judges in one sense. You're not to judge Calvin Bronaugh as an individual cause you haven't heard any evidence. You haven't heard anything to permit you to judge him as a human being."

Defendant's counsel made timely objection that such statements called the jury's attention to the fact that the defendant, Calvin Bronaugh did not testify.

■ The foregoing statements of the prosecutor did not violate defendant's federally guaranteed rights of not testifying under the Fifth Amendment to the Constitution of the United States, nor were they violative of Sec. 546.270, V.A.M.S. (Supreme Court Rule 26.08, V.A.M.R.). *State v. Hutchinson*, 458 S.W.2d 553 (Mo. banc 1970). The statements did not amount to either a direct or indirect reference. *Eichelberger v. State*, 524 S.W.2d 890 (Mo. App.1975). Even if the statements can be considered an indirect reference to defendant's failure to testify, the giving of the above quoted instruction would render any error harmless.

■ Defendant further claims that the above quoted remarks of the prosecutor were an impermissible reference to the failure of defendant to produce evidence of his good character. No such trial objection was raised by defendant, nor was this contention contained in his motion for a new trial. A study of the record, briefs and cases cited revealed that no miscarriage of justice would result in declining to review defendant's second point under plain error Rule 27.20(c). *State v. Toney*, 537 S.W.2d 586 (Mo.App.1976). Accordingly, this second point is ruled against the defendant.

Judgment of conviction affirmed.

SMITH, P. J., concurs.

McMILLIAN, J., dissents in separate opinion.

McMILLIAN, Judge, dissenting.

I respectfully dissent. I am unable to agree with the majority opinion because I believe the prosecutor's statement in closing argument was an impermissible reference to appellant Bronaugh's failure to testify. While the prosecutor's statement does not fall within the prohibition of the "direct and certain reference" test, e. g., *State v. McNeal*, 517 S.W.2d 187 (Mo.App.1974), in my opinion this remark does fall within the parameters of the "indirect reference" test because the words, in context, were reasonably likely to direct the jury's attention to the fact that appellant did not testify. E. g., *State v. Shields*, 391 S.W.2d 909, 913 (Mo.1965); *State v. Eichelberger*, 524 S.W.2d 890, 894 (Mo.App.1975). I distinguish *Eichelberger*, in which three witnesses testified although the defendant did not, from the present case in which appellant presented no evidence at all. Any prosecutor's remark in the present case could only reasonably have been taken to refer to appellant's silence. This observation applies in particular to the last challenged sentence of the prosecutor's comments insofar as this sentence implies the lack of any *personal* statement by appellant. Such a reference is exactly that which is prohibited by our constitution and statutes.

Moreover, I am unpersuaded by the state's argument that the prosecutor's comments constituted only a reference to the failure of appellant to offer evidence. *See, e. g., State v. Pruitt*, 479 S.W.2d 785, 789–90 (Mo. banc 1972); *State v. Sechrest*, 485 S.W.2d 96, 98 (Mo.1972). Nor do I agree that the prosecutor's remarks in the present case were so ambiguous as were reasonably capable of a meaning other than that which appellant argues so as to eliminate any prejudicial impact. *See State v. Hutchinson*, 458 S.W.2d 553, 555 (Mo. banc 1970); *State v. Jenkins*, 516 S.W.2d 522, 528 (Mo.

App.1974). Furthermore, in a case such as the present one in which the state's case was relatively strong[1] and appellant offered no evidence, the prosecutor's comments were not only an impermissible reference to appellant's constitutionally protected silence but also, in my opinion, strategically unnecessary.

I agree with the majority opinion's treatment of appellant's second point. Appellant may not raise this character objection for the first time on appeal or argue a different theory to support an overruled objection. *See, e. g., State v. Jones*, 515 S.W.2d 504, 506 (Mo.1974); *State v. Harper*, 553 S.W.2d 895, 897 (Mo.App.1977). Because I disagree with the majority opinion's conclusion on the first point, however, I would reverse and remand for a new trial.

1. The state's evidence at trial included the testimony of an eyewitness to the robbery, her positive identification of appellant as the robber at a pretrial confrontation some thirty minutes after the robbery and her identification of appellant in court, the testimony of the arresting officer about the arrest of appellant following the broadcast of appellant's description given by the eyewitness, and certain corroborating physical evidence.

If the majority opinion had based its affirmance upon the fact that the evidence was overwhelming and that the error was harmless, I could have concurred.