STATE of Missouri,
Plaintiff-Respondent,

v.

Michael Vernon HILL,
Defendant-Appellant.

No. 47274.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 8, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Sept. 18, 1984.

Application to Transfer Denied
Nov. 20, 1984.

Toby Haight Hollander, St. Louis, for defendant-appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant Michael Hill appeals from his conviction of forgery: uttering as genuine, in violation of § 570.090(4), RSMo 1978. Following the jury's verdict, the court sentenced defendant as a persistent offender to fifteen years imprisonment. Defendant's attorney subsequently disappeared. No motion for new trial was filed.

Defendant contends that (1) the trial court committed plain error by failing to order a mistrial when the prosecutor referred to defendant's failure to testify; (2) the trial court committed plain error by failing to order a mistrial when the prosecutor repeatedly referred to defendant as a "professional" during closing argument; and, (3) defendant's attorney failed to render effective assistance of counsel. We affirm.

On July 13, 1981 defendant appeared at the drive-up window of a bank in St. Louis County and presented a check written to one Herman Frager and drawn on the account of a Jack White. Defendant sought to deposit part of the check in Frager's account and receive the remaining $175.00 in cash. The teller became suspicious when defendant was unable to produce a driver's license, police were summoned, and defendant arrested. Police later discovered that the check presented by defendant had been stolen from White's motel room in a April 7, 1981 burglary. White had not signed the check nor had Frager given anyone permission to use his deposit slip. Neither White nor Frager knew defendant.

After defendant was taken to the police station, police searched his car and discovered the rear license plate on the floor in the front of the car. The back license plate brackets were not damaged. Several months later police questioned defendant, and, after receiving *Miranda* warnings, he

admitted that he "passed a check" at the bank in question on July 13, 1981. Defendant offered no evidence at trial.

No motion for new trial was filed. Defendant therefore may only argue "plain error" on appeal. Rule 29.12.

Defendant first contends that the prosecutor, during closing argument, made a direct reference to defendant's failure to testify. Although no objection was made at trial defendant alleges that the trial court had a duty to declare a mistrial *sua sponte*.

During closing argument the prosecutor followed the sequence of the verdict director, arguing to the jury that the state had proven each of the required elements of the crime beyond a reasonable doubt. To find defendant guilty the jury was required to find that "defendant knew that this writing had been made so that it purported to have been made by another." Urging the jurors to find this element present the prosecutor stated the following:

> Now, the defendant knew that this writing had been made so that it purported to have been made by another. Ladies and gentlemen, *we cannot get inside of the defendant's mind to know what his thoughts were at the time that he passed that check.* So, what we have to do is look at his actions, what he says and what he does, and we see by his actions that he knew that check was a forgery, that it had been made by another.

(emphasis added).

■ Defendant contends that the prosecutor by referring to the inability to "get inside of the defendant's mind" made a direct reference to his failure to take the stand. The Fifth Amendment of the United States Constitution and the Missouri Constitution, Article I, § 19, give defendant the right against self-incrimination, and § 546.270, RSMo 1978, and Rule 27.05(a) specifically forbid references by a prosecutor to defendant's failure to testify. Both direct and indirect references are forbidden. *State v. Chunn*, 657 S.W.2d 292, 294 (Mo.App.1983). Such a reference is plain

error where it deprives a defendant of a fair trial. *State v. Reed*, 583 S.W.2d 531, 533 (Mo.App.1979).

■ Critical to determining whether a direct reference to the failure to testify has been made is whether the words "defendant" or "accused" and "testify" or their equivalents have been used. *State v. McNeal*, 517 S.W.2d 187, 188 (Mo.App. 1974). Such language was not used here. We find no direct reference.

■ To be an indirect reference the comment must be the type that, when viewed in context, would cause the jury to infer that the remark referred to the accused's failure to testify. *State v. Reed*, 583 S.W.2d at 534. The ultimate question is whether the remark drew the jury's attention to the lack of testimony by defendant. *State v. Kennedy*, 396 S.W.2d 595, 599 (Mo.1965). We must examine the remark in the particular context in which it was made. *Eichelberger v. State*, 524 S.W.2d 890, 894 (Mo.App.1975).

■ Although we do not recommend this particular remark because it borders on impropriety, we find that under the circumstances it did not draw attention to defendant's failure to testify. The prosecutor was focusing on the verdict director and the state's evidence rather than the lack of defendant's evidence. The jurors' attention was more likely drawn to the particular actions of the defendant and to any inferences that could be drawn from those actions, rather than to his failure to testify. The remark was not repeated nor was any other similar comment made. *See Eichelberger v. State*, 524 S.W.2d at 894. Defendant neither objected to the argument nor requested any relief at trial. We do not find this remark denied defendant a fair trial. The trial court did not commit plain error in failing to grant a mistrial.

■ Defendant also contends the court erred in failing to declare a mistrial *sua sponte* because the prosecutor referred in closing argument to the "professional" actions of defendant. Again, the prosecutor was arguing that the jurors could infer from defendant's actions that he knew that the check was not authentic:

And how do we know that [he had knowledge]? Well, first of all, does it make any sense to you whatsoever that a person would put deposit money in somebody else's account? That, ladies and gentlemen, I submit to you is *the professional way* that a forger operates, because if he had this check and if he didn't know that it was phoney, if he were depositing money, he could have deposited the whole amount of money in the check.

. . . .

I mean, that just doesn't make any sense. So, the second thing is, he doesn't deposit the whole amount in. Why? Because he wants cash, so, *the professional way* in order not to arouse suspicion, is to make a split deposit hoping that the teller is not going to suspect, put some money in, keep some money for yourself. That's the *say [sic] a professional works,* and common sense should tell you that he knew that the check was a forgery.

The prosecutor further argued:

Now, Mr. Harrison said he was very calm and cool. What does that tell you? Isn't that *the professional way?* Isn't that *the professional way?*

(emphasis added).

We find that these remarks were directed to the fact that the crime was committed in a professional and efficient manner. *State v. Nichelson,* 546 S.W.2d 539, 543–44 (Mo.App.1977). As was true in *Nichelson,* "[i]n this context, 'professional' did not imply that the defendant had committed other similar offenses but that the conduct of the defendant ... was of a 'professional' quality." 546 S.W.2d at 544. At no time did the prosecutor directly refer to defendant as a professional criminal but rather emphasized the "professional way" the crime was committed and asked the jury to infer from this that the defendant knew exactly what he was doing when he presented the check to the bank. We find no error.

Defendant next contends that he was provided ineffective assistance of counsel at trial in that his attorney failed to file motions to suppress and to make necessary objections, elicited prejudicial testimony, made a prejudicial comment before the jury, and filed no motion for new trial.

Ineffectiveness of counsel claims are generally considered under Rule 27.26 motions rather than on direct appeal. *State v. Mitchell,* 620 S.W.2d 347, 348 (Mo. banc 1981). There are infrequent exceptions where the appellate court has before it a sufficient record to make a decision on direct appeal. *State v. Hobbs,* 612 S.W.2d 387, 388 (Mo.App.1981).

Although defendant's trial attorney may well be unavailable for a Rule 27.26 hearing, we believe the record here should be expanded prior to a ruling on this point. For example, because defendant's trial attorney did not file any motions to suppress the record is not developed as to the circumstances under which the license plate was seized from the car and defendant's statement was obtained. The state's interests, as well as the defendant's, will be better served by a full hearing on this issue. Accordingly the ineffectiveness of counsel claim is denied without prejudice.

Judgment affirmed.

REINHARD and CRANDALL, JJ., concur.