STATE of Missouri,
Plaintiff-Respondent,

v.

Ronald FARMER, Defendant-Appellant.

No. 49513.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 3, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 17, 1985.

Application to Transfer Denied
Nov. 21, 1985.

Henry B. Robertson, Public Defender, St. Louis, for defendant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KELLY, Judge.

Ronald Farmer, appellant, appeals his conviction by a jury in the Circuit Court of the City of St. Louis for the Class B felony of sodomy, § 566.060 RSMo 1978, and sentence of fifteen (15) years imprisonment in the custody of the Missouri Department of Corrections.

The sole issue on appeal is whether a new trial is required because the prosecutor commented during his closing argument on appellant's failure to testify. We affirm.

Appellant does not challenge the sufficiency of the evidence to support the conviction. A detailed recitation of the facts is therefore not required. It is sufficient to state that the jury could find from the state's evidence that appellant sodomized one T.Y. on June 20, 1983, in a holding cell in the Municipal Courts Building in the City of St. Louis.

The argument appellant contends entitles him to a new trial was as follows:

Ladies and gentlemen, T ... Y ... told you the truth. He is the only one, other than the defendant, who knows what happened in that cell.

Appellant's trial counsel objected:

I think that's a reference to the fact that the defendant has not made any statement in the courtroom about what happened in the cell. I think it's improper, and I would ask for a mistrial—my first—I would ask that the jury be instructed to disregard his whole statement.

The trial court sustained the objection and instructed the jury that he had sustained the objection and directed the jury to disregard "the prosecutor's last part of the last statement." He denied the motion for mistrial.

If a prosecutor makes a clear and certain reference to a defendant's failure to testify a new trial is mandated. *State v. Chunn*, 657 S.W.2d 292, 294[3] (Mo.App. 1983). However, the above argument did not constitute a clear and certain reference to the appellant's failure to testify. This argument was made in the context of the prosecutor's rebuttal argument in response to appellant's trial counsel's argument attacking the credibility of the victim of the sodomy. The victim, by his own admission, was a slow learner and had a speech defect. This argument by the prosecutor was retaliatory and designed to emphasize the credibility of the prosecuting witness.

Furthermore, in our opinion, this argument did not constitute an indirect reference to the failure of the accused to testify which would render the conviction voidable. *Id.*, at p. 294[3]. The test for an indirect reference to the failure of the accused to testify is stated in *State v. Hill*, 678 S.W.2d 848[4] (Mo.App.1984) at p. 850:

To be an indirect reference the comment must be the type that, when viewed in context, would cause the jury to infer that the remark referred to the accused's failure to testify. * * * The ultimate question is whether the remark drew the jury's attention to the lack of testimony by defendant * * *

The experienced trial judge was able to view these remarks in the context of defense counsel's argument and although he sustained the objection and instructed the jury to disregard the argument he denied the motion for mistrial. He concluded this was sufficient under the circumstances. We agree.

For the foregoing reasons we affirm the judgment.

STEPHAN, C.J., and SIMON, P.J., concur.