STATE of Missouri, Plaintiff/Respondent,

v.

Johnnie MOORE, Jr., Defendant/Appellant.

No. 52858.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 2, 1990.

Daniel P. Reardon, Jr., St. Louis, for defendant/appellant.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

KAROHL, Judge.

Defendant, Johnnie Moore, Jr., was convicted by jury on Count I, robbery first degree, and Count II, armed criminal action. Sections 569.020 and 571.015 RSMo 1986. Defendant was sentenced as a prior offender under §§ 558.016 and 557.036.4 RSMo 1986 on Count I to fifteen years imprisonment and on Count II to fifteen years imprisonment to be served concurrently. Defendant did not testify. On appeal he apparently intends to claim the trial court erred in overruling his motion for mistrial after prosecutor, in closing, argued evidence relating to knife taken from defendant was used in the robbery and this was uncontradicted. Defendant claims the argument was a prohibited indirect reference to his failure to testify. We affirm.

On April 6, 1986, defendant robbed victim at knife point. Defendant attacked victim and took her purse. Within five minutes a police officer spotted defendant less than a block away from the robbery. The officer chased and caught defendant who had a knife in his possession.

Defendant's sole claim of error is: "THE STATE COMMITTED PREJUDICIAL ERROR IN ITS CLOSING ARGUMENT WHEN IT WAS STATED THAT THE ROBBERY INCIDENT AND EVIDENCE STOOD 'UNCONTRADICTED'. THIS WAS CLEARLY IN REFERENCE TO APPELLANT'S FAILURE TO TESTIFY, WHICH IS AN INFRINGEMENT UPON APPELLANT'S FIFTH AMENDMENT RIGHT AGAINST SELF–INCRIMINATION." We review claims of prejudicial trial court error, not error of a party. However, we look to the merits of a claim the trial court erred in permitting such argument over objection, and in violation of constitutional protection.

The relevant portion of the state's closing argument follows:

PROSECUTOR: Let's talk about the issues in the case. What do you have to decide. You don't have to decide that ... [victim] was robbed. What you do have to decide is whether Mr. Moore is the robber. That's why we are here. That's what they are asking you to believe, that Mr. Moore is not the robber. That it is a horrible mistake. . . .

Now, [f]olks, I submit to you if you find Mr. Moore not guilty you have to believe in a series of incredible coincidences. And these coincidences almost amount to magic.

That ... Mr. Moore happened to be less than a block away from the robbery five minutes after it occurred.

Mr. Moore just happened to be wearing the same shirt that the robber wore. Mr. Moore just happened to be wearing the same trousers that the robbery [sic] wore. Mr. Moore just happened to have the same gray tennis shoes that the robber wore.

Mr. Moore just happened to have the same knife that the robber used, *and it is uncontradicted this is the knife that the robber used.*

DEFENSE COUNSEL: I will object to that, and ask that the jury be instructed to disregard it.

PROSECUTOR: There's been no evidence that wasn't the knife, Judge.

THE COURT: Objection overruled....

\* \* \* \* \* \*

(Whereupon, the following proceedings were held at the bench out of the hearing of the jury):

\* \* \* \* \* \*

DEFENSE COUNSEL: I object to it for the second time around, that it's uncontradicted with regard to the knife.

It's a clear comment on the defendant's failure to testify. I ask that the jury—well, I ask that a mistrial be declared. (Our emphasis.)

Defendant's right against self-incrimination is found in the Fifth Amendment of the United States Constitution and the Missouri Constitution, Article I, § 19. Further, § 546.270 RSMo 1986 and Rule 27.-05(a) forbid remarks by others which reference defendant's exercise of his right not to testify. Statements which direct the jury's attention to defendant's failure to testify are prohibited whether direct or indirect. *State v. Hill*, 678 S.W.2d 848, 850 (Mo.App.1984). However, prosecutor's remarks to the effect that state's evidence is uncontradicted have been held not to constitute direct and certain reference to defendant's failure to testify. *State v. Loggins*, 698 S.W.2d 915, 919 (Mo.App.1985). It is permissible for the state to comment upon defendant's failure to offer any evidence. *State v. Clark*, 759 S.W.2d 372, 375 (Mo.App.1988). In order to determine whether the contested remark in this case was an impermissible, indirect reference to defendant's failure to testify, we must examine the remark in the context in which it was made. *Hill*, 678 S.W.2d at 850. The trial court has wide discretion in determining the effects of this remark on the jury. *Loggins*, 698 S.W.2d at 919.

Defendant filed an abbreviated transcript on appeal consisting only of a portion of state's closing argument. We do not know either who identified the knife as the knife used in the robbery, or how the knife was identified as the same knife found in defendant's possession.[1] We cannot say, as a matter of law, that defendant was the only witness who could have testified his knife was not the knife used in the robbery. Thus, state's contested remarks were not necessarily an impermissible, indirect reference to defendant's failure to testify. It is equally possible the remarks directed the jury's attention to defendant's failure to offer any evidence or witnesses, other than himself, who could have testified defendant's knife was not the knife used in the robbery. This would be a permissible reference. Therefore, we conclude the record does not show a clear abuse by the trial court of its broad discretion in controlling the scope of closing argument.

If it were clear and certain that the only person who could have contradicted evidence the knife taken from defendant was the knife used in the robbery the result may have been different. Argument of what the evidence proved rather than argument of negative evidence would protect convictions from the claim of error in this appeal. *See State v. Loggins*, 698 S.W.2d 915, 920 (Mo.App.1985) (Karohl, J., concurring).

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.

---

1. Given the record before us, we infer during trial: (1) victim identified the knife as the knife used during the robbery; (2) police officer identified knife as the knife in defendant's posses-sion upon apprehension; and (3) defendant did not present any evidence or witnesses whose testimony, if believed, contradicted the identification of the knife by victim and police officer.