**STATE of Missouri, Respondent,**

v.

**William Wentworth FOSTER, Appellant.**

**No. 41190.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 27, 1980.

Neal P. Murphy, St. Louis, Wm. H. Jennings, II, Clayton, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, John M. Morris, III, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury of five counts of robbery first degree by means of a dangerous and deadly weapon. Under the Second Offender Act, the court sentenced him to a term of 130 years in the Department of Corrections.[1] Defendant appeals and assigns five points of error for our consideration. We find each of his five points to be without merit and affirm.

Counts I and II arose out of the robbery of the Field Station Post Office at 4930 Delmar. In early September of 1977, defendant apparently proposed the robbery to James Stone and Tony Terry, his cohorts in the crime. On the afternoon of October 6, 1977, the three men walked to the Field Station Post Office. The defendant remained outside the post office while Terry and Stone entered the post office through the rear door. Terry and Stone were able to gain admittance by holding up a returning post office driver and forcing him to have the clerks inside open the rear door. Once inside, they robbed Curtis Reynolds and Leonard Hines, the clerks who were on duty. They took a wallet and some cash

---

1. The court sentenced defendant to 25 years imprisonment on Count I; 30 years imprisonment on Count II to be served concurrently with the sentence in Count I; 25 years imprisonment on Count III to be served consecutively with the sentences in Counts I and II; 25 years imprisonment on Count IV to be served concurrently with the sentences in Count III and consecutive with the sentences in Counts I and II; and 25 years on Count V to be served concurrently with the sentence in Count III and consecutively with the sentences in Counts I and II. The sentences in Counts I, II, III, IV and V are to be consecutive with the sentence imposed in Cause No. 77–2432. The record does not reveal the nature of the offense in that case.

from Curtis and some cash from Hines. They also took some postal money orders, a money order machine, and a sack containing some money from the post office safe.

Counts III, IV, and V arose out of the robbery of the Broadway Station Post Office on October 27, 1977. Terry and Stone again entered the post office while defendant remained outside. Terry and Stone took some watches and wallets from three post office employees, George Buffington, Klee Decher, and Rafael Ortiz. They also took some cash from the post office and a money order validating plate.

The money orders and money order machine taken in the Field Station robbery and the validating plate taken in the Broadway Station robbery were recovered from Tony Terry's house by postal inspector agents acting under a federal search warrant. One of the money orders had handwriting on it and was sent to Chicago for handwriting and fingerprint analyses. The handwriting was identified as that of defendant's and the defendant's fingerprints were also found on the money order.

On appeal, defendant first contends that state's exhibit 10, a photograph of the robbery in progress at the Broadway Station Post Office, was irrelevant because only Terry and Stone were depicted in the photograph.

■ A photograph as demonstrative evidence is admissible if it corroborates the testimony of the state's witness, or connects the defendant with the offense, or proves the identity of the victim, or throws light upon a material issue in the case. *State v. Lee*, 549 S.W.2d 934, 939 (Mo.App.1977). It is well settled that the admissibility of photographs rests within the broad discretion of the trial court. *State v. Jackson*, 499 S.W.2d 467, 472 (Mo.1973); *State v. Hanson*, 587 S.W.2d 895, 902 (Mo.App.1979).

■ We find no abuse of discretion in the admission of exhibit 10. The photograph specifically corroborated the testimony of James Stone, one of the participants in the robbery and the state's principal witness.

Stone's competency to testify was a major issue in this case. The defendant's entire defense focused on Stone's hospitalization for psychological evaluation and treatment. The photograph supported Stone's description of how the robbery was performed and was relevant to corroborate his testimony.

In his second point, defendant contends that the trial court erred in admitting state's exhibit 4–A, a postal money order, because the state failed to establish a proper chain of custody.

■ Chain of custody is an irrelevant issue where the object in question is positively identified. *State v. Hanson*, 587 S.W.2d at 902; *State v. Davis*, 572 S.W.2d 243, 247 (Mo.App.1978). Here, the state offered evidence of the serial numbers of the missing money orders. Exhibit 4–A was identified by Mr. Elmer Brooks, a postal inspector, as being one of the missing money orders. He testified that the serial numbers of the money orders stolen from the Field Station Post Office were sequential. He further testified that from its serial number, he could determine that exhibit 4–A was a money order which had been in package No. 4 of state's exhibit 3. He indicated that package 4 of state's exhibit 3 was one of the money order packages stolen from Field Station. We believe this testimony sufficiently identified the exhibit so as to permit its admission into evidence.

As his third point, defendant asserts that the court erred in overruling his objection to the prosecutor's remark that the state's evidence was uncontroverted because such argument was an improper comment on the state's burden of proof.

■ First, we note that at trial that defendant objected to the prosecutor's remark as being an improper comment on the defendant's right not to testify. Allegations of error in a brief and a motion for new trial must be based upon objections made at trial and cannot be raised for the first time on appeal. *State v. Barker*, 572 S.W.2d 185, 187 (Mo.App.1978). Therefore,

defendant's point has preserved nothing for our review.[2]

 Defendant next contends that the court erred in refusing his requested circumstantial evidence instruction. We have held on other occasions that "[i]f the elements of the offense are established by both direct and circumstantial evidence the giving of a circumstantial evidence instruction is not required." *State v. Laususe*, 588 S.W.2d 719, 721 (Mo.App.1979). *See also, State v. Newhart*, 539 S.W.2d 486, 491 (Mo. App.1976). Defendant concedes in his brief that the state presented both direct and circumstantial evidence linking him to the crime. Clearly, the testimony of James Stone was direct evidence that defendant participated in the robberies. This point is without merit.

In his final point, defendant argues that the court erred in refusing his instruction B, a non-MAI–CR instruction. The refused instruction reads as follows: "If you find and believe from the evidence that a witness has a history of mental disease, you may consider that evidence for the sole purpose of deciding the believability of the witness and the weight given to his testimony."

MAI–CR 2.01 is now the required instruction on appropriate factors to be considered by the jury in judging the credibility of a witness and the weight or value to be given to a witness' testimony. The Notes on Use to MAI–CR 2.01 provide that: "[e]xcept as may be specifically provided for elsewhere in MAI–CR, no other or additional instructions may be given on the believability of witnesses, or the effect, weight or value of their testimony." *See also State v. Lang*, 515 S.W.2d 507, 510–11 (Mo.1974). The court read MAI–CR 2.01 to the jury and therefore no other instruction on credibility was required. As such, the court did not err in refusing defendant's instruction B.

Having reviewed all the allegations of error, we affirm the judgment of the trial court.

DOWD, P. J., and CRIST, J., concur.

**2.** The prosecutor may, of course, properly comment on the defendant's failure to offer evidence in his own behalf. *State v. Sechrest*, 485 S.W.2d 96, 98 (Mo.1972); *State v. Hodges*, 586 S.W.2d 420, 427 (Mo.App.1979). We believe the prosecutor's remark here falls within this rule and was not error.