STATE of Missouri,
Plaintiff-Respondent,

v.

Mark Juan HAMILTON,
Defendant-Appellant.

No. 41980.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 23, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1981.

Application to Transfer Denied
Nov. 10, 1981.

W. H. S. O'Brien, Festus, for defendant-appellant.

John Ashcroft, Atty. Gen., Paul R. Otto, Steven W. Garrett, Asst. Attys. Gen., Jefferson City, James E. Bowles, Pros. Atty., Hillsboro, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from his conviction by a jury of second degree murder and assault with intent to kill with malice aforethought and the resultant consecutive sentences of life and thirty-five years. We affirm.

The evidence amply supports a finding that defendant, accompanied by a friend, forcibly entered the victims' home and with a shotgun, intentionally killed James Benson and seriously wounded Wanda Benson, his former wife's parents. Defendant does not challenge the sufficiency of the evidence to establish his guilt but instead raises seven claims of trial error.

One of these claims relates to an alleged refusal of the trial court to permit certain questions to be asked of the jury on voir dire. The record does not include the voir dire examination and we have nothing before us to review on that claim. *Jackson v. State*, 514 S.W.2d 532 (Mo.1974) [1–4]; *State v. Bryant*, 583 S.W.2d 585 (Mo.App. 1979) [3, 4]. There is also no merit in defendant's contention that the trial court erred in allowing the prosecutor to advise

the jury on voir dire examination that the State was waiving the death penalty. *State v. Swindell*, 271 S.W.2d 533 (Mo.1954) [11]. Defendant also asserts a conflict of interest existed because a public defender who originally represented him subsequently became an assistant prosecuting attorney. For that reason a special prosecutor was appointed. We find no conflict demonstrated on the record nor any prejudice to defendant. *State v. Dalton*, 587 S.W.2d 644 (Mo.App.1979) [4]. Also without merit is defendant's contention that he is entitled to a new trial because of newly-discovered evidence. At the hearing on the motion for new trial, defendant testified but when asked about the evidence alleged to be newly discovered, refused to testify. He has established none of the elements required for a new trial on the basis of newly discovered evidence. *State v. Riley*, 536 S.W.2d 501 (Mo.App.1976) [12–14]. We also find no abuse of the trial court's discretion in a statement made by the court while sustaining an objection to a question posed by defendant's trial counsel[1] during direct examination of defendant. The comment could be considered critical of counsel's method of questioning. However, it in no way indicated the court's viewpoint on defendant's guilt or innocence, it was made in response to an objection, and it was within the scope of the court's discretion in exercising general control over the trial. *State v. Phelps*, 478 S.W.2d 304 (Mo.1972) [16–18]; *State v. Jones*, 558 S.W.2d 242 (Mo.App. 1977) [3, 4], *cert. den.* 435 U.S. 970, 98 S.Ct. 1609, 56 L.Ed.2d 61.

■ Defendant's remaining two points require somewhat more explanation. The first raises a claim that the court erred "in not permitting a full and complete revelation to the jury of the suspect quality of James Lesley Clark as a state's witness." Clark was defendant's accomplice. He testified as a state's witness to the occurrences resulting in the death of Mr. Benson and the wounding of Mrs. Benson. At the time

of his testimony, Clark was charged with the same crimes as defendant and additionally with an unrelated armed robbery charge. Clark was examined extensively on both direct and cross-examination concerning the pendency of these charges and whether he had received any promises or expected to receive any special treatment because of his testimony. At a conference outside the hearing of the jury, it was developed that some negotiations for a plea-bargain had been conducted between the special prosecutor and Clark's attorney but those negotiations had not been successful and were not being actively pursued at the time of trial. Defendant complains that he was unduly restricted in his cross-examination of Clark as to these plea negotiations. We have carefully reviewed the record and do not agree. The jury was made fully aware of Clark's situation and the incentives he had to testify untruthfully. There was, in fact, no agreement in existence concerning Clark's testimony. This case is more analogous to *State v. Collett*, 526 S.W.2d 920 (Mo.App.1975) than to *State v. Brooks*, 513 S.W.2d 168 (Mo.App.1973) upon which defendant relies. Defendant was not precluded from establishing the facts which might cause Clark to be less than truthful, those facts were established, and the jury was aware of them. We find no error.

■ Defendant's final point is that the court erred in failing to instruct on excusable homicide—i. e. accident. Defendant admitted going to the Benson trailer while at least partially intoxicated,[2] with a shotgun. His purpose, he said, was to talk to Mrs. Benson about an alleged incestuous relationship between Mr. Benson and his daughter. He carried the shotgun to prevent Mr. Benson from getting his own shotgun. Defendant admitted he kicked in the rear door of the trailer but stated he then slipped and careened against the wall, that someone grabbed the shotgun and it discharged. At the time defendant went to the trailer there was a restraining order in

---

1. Trial counsel did not represent defendant on appeal.

2. Defendant stated that he had drunk 16 beers in a 2½ to 3 hour period immediately prior to the offense and wasn't sure whether he was intoxicated.

effect preventing him from going to the trailer. Section 559.050 RSMo 1969 (applicable to this case) provides that homicide is excusable when committed by accident or misfortune in doing a lawful act by lawful means, with usual and ordinary caution. The statute is inapplicable to the situation testified to by defendant.[3] Defendant was not doing a lawful act by lawful means. His presence at the trailer was in violation of a court order; his entrance by kicking in the door was contrary to Section 560.395 RSMo 1969 (Injuring Dwelling House)—a misdemeanor; he was flourishing a deadly weapon upon his entry contrary to Section 564.610 RSMo 1969—a felony; he was in possession of a deadly weapon while intoxicated contrary to Section 564.610 RSMo 1969—a felony. There was no error in the court's refusal to instruct on excusable homicide.

Judgment affirmed.

SATZ, P.J., and SIMON, J., concur.

---

**3.** All the other evidence, including that of Mrs. Benson, was that defendant intentionally shot both the Bensons.