STATE of Missouri, Respondent,

v.

Matthew SIMPSON, Appellant.

No. WD 32326.

Missouri Court of Appeals,
Western District.

Dec. 8, 1981.

James F. Walsh, Public Defender and James W. Fletcher, Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen. and Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, C. J., Presiding, TURNAGE and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Following an indictment, appellant Matthew Simpson was found guilty by a jury in Jackson County of rape under § 566.030, RSMo 1978. He was sentenced to ten years imprisonment and appeals the conviction of having sexual intercourse with Dela Rodriguez, to whom he was not married, without her consent and by use of forceable compulsion. Appellant presents no challenge to the sufficiency of the evidence.

A jury could reasonably find that on October 12, 1979, Ms. Rodriguez, her brother-in-law and several other men left a bar in Kansas City, Kansas to drive to 31st and Brooklyn in Kansas City, Missouri to buy some beer. Ms. Rodriguez left the bar at 31st and Brooklyn because she felt the men were laughing at her. As she walked along

the street, appellant and his brother offered her a ride, which she accepted. As they drove away, appellant put his hand on her thigh, prompting her to demand the car be stopped. Appellant's brother stopped the car after which she got out of the car, and with appellant following her, ran and knocked on a door of a nearby house. When the occupant opened the door of the house, she saw Ms. Rodriguez hanging on the door with appellant pulling on her arm. Appellant told the occupant not to get involved because Ms. Rodriguez was his wife. The occupant of the home then locked the door and called the police.

Appellant forced Ms. Rodriguez to his mother's home by pulling her hair and hitting her with a piece of wood. After appellant went upstairs he came back to the living room and saw his brother on top of Ms. Rodriguez. Appellant told his brother not to touch Ms. Rodriguez and to leave. Appellant then pulled her pants down, hit her with his hands until she stopped struggling, and proceeded to have sexual intercourse with her. Appellant again left the room at which time Ms. Rodriguez used a screw driver to open the front door and run from the house. She was seen by a security officer at Martin Luther King Hospital who testified that she was in a frightened condition, wearing only one shoe, and stated to him that she had been raped. Her other shoe was discovered by police at the home of appellant's mother, the site of the alleged rape. The security officer further testified that he took her to the hospital's emergency room; that her left eye was swollen and black; and that she had numerous bruises, scratches and swellings on her head. The medical records of Martin Luther King Hospital were introduced into evidence without objection and showed that the patient had complained of an assault and rape, appeared hysterical and confused, and showed four hematomas on the scalp. The records of that hospital further show that she was referred to St. Luke's Hospital in Kansas City.

The custodian of medical records at St. Luke's Hospital identified its hospital records pertaining to Ms. Rodriguez. These records reported her own statement that she had been beaten and raped; detailed the bruises on her forehead and scalp; and listed the examinations made of her relative to the rape, including the taking of specimens and examinations for sperm. At this point defense counsel objected to these records because "they contain facts that require medical interpretation." When asked by the court if that was his only objection, defense counsel added: "[i]t is hearsay." The objection was overruled and the records admitted into evidence. A licensed practical nurse then testified without objection to her having treated Ms. Rodriguez, however, the physician who performed the examination, Dr. Harris, did not testify. Appellant admitted to having intercourse with Ms. Rodriguez but said it was with her consent.

On appeal, appellant contends that the hospital records of St. Luke's, admitted into evidence under the Uniform Business Records As Evidence Act, § 490.680, RSMo 1978, were all hearsay. He bases his contention on the fact that the physician who prepared the report was not called as a witness, could not be cross-examined, and that there was no evidence that this physician had been qualified as an expert. He also claims error in allowing the custodian of the St. Luke's records to read some of those records to the jury. These contentions are without merit. The trial court did not abuse its discretion in admitting the St. Luke's medical records and appellant can claim no prejudicial error.

This appeal can be simplified by first pointing out that the only real issue at trial was the matter of Ms. Rodriguez' consent, as appellant has admitted to intercourse with Ms. Rodriguez. The record contains an overwhelming quantum of evidence showing a lack of consent to intercourse by Ms. Rodriguez. Moreover it should be noted that appellant did not object to the admissibility of the medical records of Martin Luther King Hospital, which contained essentially the same evidence as that in the St. Luke's records. In both sets of records, the only evidence that directly relates to

the issue of consent are the entries relating to Ms. Rodriguez' injuries and her statements that she had been raped and assaulted. The crux of those records pertain to evidence of intercourse.

■ Appellant's argument as to the hearsay character of the St. Luke's medical records is without merit. Appellant did not object specifically that the records had not been properly qualified under Uniform Business Records As Evidence Act when their identification was made at trial, but made only a general objection to the records as hearsay. Further, the transcript shows that the foundation for the Business Records Act was properly made before the records were received into evidence. The transcript clearly shows that the custodian testified to her position at St. Luke's; identified the report; explained the general procedure used in their record-keeping; stated that the entries made in the report were made contemporaneously with the events and conditions described; and stated that the report was made in their normal course of business. The law is clear that a hospital record, when properly qualified under Section 490.680, is an exception to the hearsay rule. *State v. Taylor*, 486 S.W.2d 239, 242 (Mo.1972); *State v. Stephens*, 556 S.W.2d 722, 724 (Mo.App.1977). Moreover, when properly admitted, such reports are not affected by the unavailability of the attending physician for cross-examination. *State v. Taylor, supra*, at 242; *Allen v. St. Louis Public Service Co.*, 285 S.W.2d 663 (Mo.1956). Finally, the admissibility of the records here does not violate appellant's constitutional right to confront witnesses whose testimony is against him. *State v. Durham*, 418 S.W.2d 23, 30 (Mo.1967) (rev. on other grounds); *State v. Jenkins*, 516 S.W.2d 522, 526 (Mo.App.1974).

■ Appellant's next contention that the St. Luke's records were inadmissible because there was no evidence concerning the qualifications of Dr. Harris may not be raised for the first time on appeal. He made no objection at trial nor in his motion for new trial as to this matter, and it was therefore not preserved for review. *State v. Foster*, 600 S.W.2d 207, 209–10 (Mo.App. 1980); *State v. Nelson*, 597 S.W.2d 250 (Mo. App.1980); Rule 29.11. Even so, there was testimony, without objection, by appellant from the nurse who assisted Dr. Harris that Dr. Harris had performed the examination. There was no testimony given concerning the credentials of Dr. Harris as an expert, but it has been held under similar circumstances that the qualification of a physician may be presumed. *See Allen v. St. Louis Public Service Co., supra*, at 668; *State v. Jenkins, supra*, at 526.

■ In reviewing the St. Luke's (and Martin Luther King) records, it is evident that the only objectionable portions admitted were the statements of Ms. Rodriguez that she had been raped and assaulted. This portion of the records did not concern matters within the first hand knowledge of the entrant and are thus hearsay upon hearsay. *Winterton v. Van Zandt*, 351 S.W.2d 696, 702–703 (Mo.1961). Appellant made no specific objection to this testimony at trial, in his motion for new trial, nor has it been addressed on appeal, and it is thus not preserved for review. *State v. Foster, supra*.

■ Appellant's final contention that the custodian of records from St. Luke's should not have read to the jury portions of the records fails because the records show no indications that Judge Mason allowed the witness to interpret what she was reading.

The judgment of the trial court is affirmed.

All concur.