**STATE of Missouri, Respondent,**

v.

**Weston R. SIMMS, Appellant.**

**No. WD 33068.**

Missouri Court of Appeals,
Western District.

Aug. 24, 1982.

James W. Fletcher, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jay A. Daugherty, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P. J., and WASSERSTROM and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from jury conviction for the offense of attempted burglary, second degree in violation of § 569.120 and § 564.011 RSMo 1978. The court entered judgment and sentence in accord with the conviction. The judgment is affirmed.

Appellant's sole point charges the trial court erred in sustaining respondent's objection during appellant's closing argument.

The sufficiency of the evidence is not challenged so a brief summary thereof suffices.

At about 7:30 a. m., December 17, 1980, the resident of an apartment complex in Kansas City, Missouri left for work. Upon his departure he determined the glass doors leading to a balcony of the apartment were locked. At about 8:30 a. m. appellant was observed, by a neighbor, on the balcony of the adjoining apartment. Appellant was first observed standing, then was seen crouching down. This neighbor called the manager of the complex. While awaiting the arrival of the manager, the neighbor went onto her balcony, observed an unidentified automobile, secured the license number (Mo. JLF–665) and saw appellant again crouched down on the adjoining balcony. This neighbor again observed appellant at the unidentified automobile with an envelope in his hand and then observed the automobile drive by. In the meantime the manager had arrived and observed appellant crouched on the balcony. The manager went into the neighbor's apartment, out onto the neighbor's balcony and by hollering inquired of appellant what he was doing. When appellant stood up, she observed a card in his hand and rather than reply, appellant jumped off the balcony and drove

the unidentified automobile out of the complex parking area. The police, who had been summoned, blocked the driveway of the complex and appellant stopped his automobile. Appellant got out of his automobile as the police approached him. Appellant identified himself and told police he was trying to deliver a *Christmas card.* A pair of leather gloves and a screw driver were observed in the front seat of appellant's automobile. These items were taken into possession by the police. The white envelope was also acquired from appellant. Investigation revealed that the glass doors to the apartment wherein appellant had been on the balcony were opened about an inch and there were pry marks around the lock areas. Appellant was arrested at the scene.

Appellant did not testify and defense evidence consisted of the testimony of one William Chaney. In summary, Chaney stated he knew appellant's birthday was December 18, 1980 and that appellant and he planned to have a birthday party at appellant's home on December 19, 1980. The time and location of this party was changed to December 20, 1980 and to the Birch Tree Lounge.

During the final argument for appellant the following occurred: ·

> "He was going to deliver an invitation to that birthday party, some acquaintances of his who lived in the area. He didn't know exactly where they lived—
>
> MR. HALL: Your Honor, I'm going to object to that line of argument. There has been absolutely no evidence on that part.
>
> THE COURT: Sustained.
>
> MR. KOELKER: I feel that is a reasonable inference.
>
> THE COURT: You have used your twelve minutes, proceed with your argument."

■ Appellant contends the trial court erred in sustaining respondent's objection. It is appellant's position that his argument was permissible because it was a reasonable inference from the evidence that appellant was planning his birthday party and that he produced at the scene a *greeting card.*

The inherent problem with appellant's contention is there is no evidence upon the record to either establish, or from which a permissible inference could be drawn, that appellant had any acquaintances in the neighborhood. In addition, the evidence establishes and supports the inference that appellant was on the balcony and attempted to avoid being observed. The physical evidence further revealed the glass door was partly opened as well as pry marks in the lock area. In addition, when apprehended by the police, appellant told them he was attempting to deliver a *Christmas card.* The envelope containing the *card was addressed to appellant.* The card on the inside bore the greeting "Merry Christmas Rich and Angie". In closing argument, appellant described the card as being addressed to "Ricky and Angie".

Contrary to appellant's contention, there is no evidence upon this record either to directly establish, or from which a permissible inference could be drawn, that at the time of the offense appellant was delivering invitations to his birthday party.

■ The scope of final argument is within the sound discretion of the trial court and unless an abuse of that discretion to the prejudice of an accused is clearly shown, a conviction will not be overturned on appeal. *State v. Wood,* 596 S.W.2d 394 (Mo. banc 1980); *State v. Reynolds,* 608 S.W.2d 442 (Mo.1980); *State v. Lansford,* 594 S.W.2d 617 (Mo.banc 1980) and *State v. Neal,* 591 S.W.2d 178 (Mo.App.1979). It is correct that counsel during final argument may draw to the attention of the jury proper inferences deducible from the facts in evidence and upon the record. *State v. Heinz,* 607 S.W.2d 873 (Mo.App.1980).

In the instant case, there is a total lack of evidence either establishing or which would have permitted what appellant argues is a

permissible or "reasonable inference". There was evidence the card and its envelope bore the name of appellant and some party named "Angie". The card was a Christmas card, not a birthday invitation. There was no evidence that appellant had any acquaintance in the neighborhood from which it could have been inferred he was making delivery of "birthday invitations".

There is no merit to appellant's charged error and it is ruled against him.

The trial court did not abuse its discretion in sustaining respondent's objection. *Wood, Reynolds, Lansford* and *Neal,* supra. There was no evidence from which any permissible inference could have been drawn. *Heinz;* supra.

The judgment is affirmed.