**STATE of Missouri, Respondent,**

v.

**Emmett KINCADE, Appellant.**

**No. 46114.**

Missouri Court of Appeals,
Eastern District,
Division Four.

July 31, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Denied Sept. 28, 1984.

Robert A. Hampe, St. Louis, for appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

STEPHAN, Judge.

This is an appeal from a second degree murder conviction. The defendant, Emmett Kincade, was found guilty by a jury of murdering Darren Nappier, and was sentenced in accordance with the verdict to a period of fifteen years. We affirm.

On August 23, 1981, at approximately 3:00 a.m., sixteen year old Darren Nappier, his eighteen year old brother, Troy, and several friends stopped at the White Castle at Highway 21 and Lindbergh in St. Louis County to get something to eat. Darren and Marc Poehner went into the White Castle for food and drinks, while their friends remained outside. Darren and Marc came outside with their food, but reentered White Castle some twenty minutes later for some more food. Marc testified that while they were in line, the defendant, who stood in line in front of them, called them "pussies." The defendant was not acquainted with Darren or Marc, nor they with him. Later defendant told several people he was with outside that he had some trouble with a person inside and that he, defendant, was going to "kick his ass."

A few minutes later defendant approached Darren, who had come out to the parking lot, and told him, "You were giving me shit in there." Darren replied, "I didn't say a thing to you." The defendant then ordered Darren to drop the food and drink he was holding, because he was going to "kick his ass." When Darren responded that he did not want to fight defendant, defendant repeatedly told Darren to drop his food. The defendant then struck Darren in the face with an open hand, causing Darren to drop his food. The two began to wrestle, until defendant grabbed Darren by the collar and threw him into a parked car. Darren's head and neck struck the roof of the car above the window and his shoulders went into the window opening. Darren fell to the ground face first and remained motionless. The defendant then punched and kicked Darren several times in the back of the head and neck, and once in the back. Darren's brother, Troy, ran toward defendant, but was restrained by a friend of defendant's. The defendant and those with him immediately left the scene.

Darren was transported by his friends to St. Anthony's Hospital, where doctors tried unsuccessfully to resuscitate him. Shortly thereafter, he was pronounced dead. The cause of death was cerebral concussion.

In his first point, defendant argues that the trial court erred in overruling his motion for judgment of acquittal because

there was insufficient evidence to support a conviction of murder in the second degree. In particular, defendant contends that the necessary element of intent was not proved and that the evidence was not sufficient to show that defendant's actions were the natural and proximate cause of the death of the victim. We find that the elements supporting a conviction of second degree murder are indeed present and rule the point against defendant.

■ We begin with the principle established when considering sufficiency of the evidence: "all evidence in the record supporting the jury's finding of defendant's guilt, together with all appropriate inferences, will be taken as true; no consideration will be given adverse evidence or inferences." *State v. Craig*, 642 S.W.2d 98, 101 (Mo. banc 1982). It is well-settled that the wilful, premeditated killing of a human being with malice aforethought constitutes murder in the second degree. *State v. Franco*, 544 S.W.2d 533, 535 (Mo. banc 1976), *cert. denied* 431 U.S. 957, 97 S.Ct. 2682, 53 L.Ed.2d 275 (1977); *State v. McGowan*, 621 S.W.2d 557, 559 (Mo.App. 1981). An essential element of second degree murder is an intent to kill or to cause serious bodily harm. *State v. Cook*, 557 S.W.2d 484, 487 (Mo.App.1977). Such intent may be inferred when, "under the circumstances, the prohibited result may reasonably be expected to follow from a voluntary act, irrespective of any subjective desire on the part of the offender to have accomplished the prohibited result." *State v. Powell*, 630 S.W.2d 168, 170 (Mo. App.1982).

■ Defendant had announced that he was going after Darren to "kick his ass" and ordered him to drop the bags of food he was holding. Darren insisted repeatedly that he did not want to fight, whereupon defendant struck Darren in the face with an open hand. When defendant assaulted Darren by beating him and slamming him against the edge of the automobile roof, a means likely to produce death, and death ensued, defendant is presumed to have intended the death. *Cook*, supra, at 487.

■ As to defendant's contention that defendant's beating Darren did not proximately result in Darren's death, we need only recognize the principle that it is enough that defendant's actions served as a contributing proximate cause; that Darren's head struck the automobile in such a way as to cause death resulted naturally from the beating, and defendant is thus legally accountable. *State v. Williams*, 652 S.W.2d 102, 111–112 (Mo. banc 1983). See also *State v. Bolder*, 635 S.W.2d 673, 680 (Mo. banc 1982).

In a related point, defendant argues that the trial court erred in submitting instruction number 5, second degree murder, because the instruction incorrectly posited the cause of death. That instruction, based on MAI–CR2d 15.14, is as follows:

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about August 23, 1981, in the County of St. Louis, State of Missouri, the defendant caused the death of Darren Nappier by beating him with his fists, hands and feet, and

Second, that the defendant intended to cause serious bodily harm to Darren Nappier, and

Third, that the defendant did not do so in anger, fear or agitation suddenly provoked by the unexpected acts or conduct of Darren Nappier, and

Fourth, that the death of Darren Nappier was not a justifiable homicide as submitted in Instruction No. 7,

then you will find the defendant guilty of murder in the second degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty of murder in the second degree you will fix his punishment at imprisonment by the Department of Corrections for a term fixed by you, but not less than ten years nor more than life imprisonment.

Defendant's complaint is that there was no external evidence that Darren's death resulted from blows to the head; Darren's head striking the area where the window meets the door frame caused his death. That the trial court allowed the instruction to state that "the defendant caused the death of Darren Nappier by beating him with his fists, hands, and feet," defendant maintains, was reversible error. The point is without merit.

■ Defendant's argument ignores the suggested descriptions of cause of death set out in MAI–CR2d 15.14. The pattern instruction states "insert means by which death was caused, such as shooting, stabbing, cutting or striking, without further description." If the drafters of this instruction had intended that it include such elaboration as the instrumentality used or exact circumstances surrounding the death, they would not have included the prohibition against "further description." The use of the phrase is illustrative of the drafters' "desire for brevity." *State v. Holtkamp,* 588 S.W.2d 183, 189 (Mo.App. 1979).

■ Dr. Mary Case, Deputy Chief Medical Examiner in St. Louis City and County, testified that Darren died of a fatal concussion. Such a condition, Dr. Case stated, is consistent with someone receiving blows to the face and head. Similarly, acceleration and deceleration of the head, as where it is slammed against the edge of an auto roof with the victim then falling forward, is "a very significant feature in a fatal concussion." That defendant fought with Darren and used his fists, hands and feet is not disputed by defendant. Whether defendant caused Darren's death "by beating him with his fists, hands and feet" was a fact the jury concluded in the affirmative, as it convicted defendant of second degree murder. The instruction required no additional illumination as to the cause of death, such as the fact that during the course of the beating Darren's head was propelled into violent contact with a hard surface.

In his third point on appeal, defendant maintains that the trial court erred in refusing to submit Instruction B, an excusable homicide instruction patterned after MAI–CR2d 2.28, because the evidence warranted such submission.

■ The contention is answered by examination of the refused instruction. It directed the jury to "acquit the defendant on the ground of excusable homicide and return a verdict of not guilty if the death of Darren Nappier was the *result of accident* or misfortune in Emmett Kincade struggling with Darren Nappier *without unlawful intent* and without reckless disregard for human life and safety." (Emphasis added.) Although the instruction is a correct statement of the law in the abstract, it was not warranted under the facts of this case where the death of the victim resulted from defendant's assault upon him. "The accused must act without wrongful purpose while engaged in a lawful enterprise, and without negligence on his part before the instruction can be given." *State v. Simon,* 534 S.W.2d 839, 841 (Mo.App.1976). Even by the defendant's account, the blows were intentionally inflicted upon the victim in fulfillment of defendant's unlawful intent to injure him. Cf. *State v. Bainter,* 608 S.W.2d 429, 432 (Mo.App.1980); *State v. Hamilton,* 622 S.W.2d 264, 266–267 (Mo.App.1981). The trial court properly refused the instruction; the point is ruled against defendant.

■ Neither does the evidence support defendant's next argument: that the trial court erred in refusing to submit instructions on the three degrees of assault, in addition to the instruction on manslaughter which was given. Section 556.046–2, RSMo 1978, specifically provides that: "The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." As pointed out in *State v. Hill,* 614 S.W.2d 744, 749 (Mo.App.1981), the "key phrase" in the foregoing quotation is "basis for a verdict." Thus, even if we assume that assault is a lesser included offense of murder in the second degree, we

conclude that there was no basis for the jury to have considered a conviction for assault upon acquittal of the greater crime. If the jury found defendant guilty of assault in any degree, there was no basis for doubt that the victim was dead or that his death occurred in any way but at the hands of defendant. Defendant was not entitled to instructions on the various degrees of assault. Cf. *State v. Swearingin*, 564 S.W.2d 351, 355–356 (Mo.App.1978).

In his final point, defendant argues that the trial court erred in admitting into evidence a photograph of Darren taken approximately one year before his death, because the photograph had no probative value and only served to inflame the emotions of the jury. We conclude otherwise.

The trial court possesses considerable discretion in determining the admissibility of photographs, and such an admission is error only upon a showing of an abuse of discretion. *State v. Weekley*, 621 S.W.2d 256, 260 (Mo.1981); *State v. Foster*, 600 S.W.2d 207, 209 (Mo.App.1980). The photograph of Darren was identified at trial by his brother Troy, as clearly and accurately depicting the victim. For this purpose the photograph is indeed admissible. In criminal cases, a photograph offered in order to provide the identity of the victim is admissible; the trial court's ruling was not erroneous. *State v. Daugherty*, 631 S.W.2d 637, 641 (Mo.1982); *State v. Lee*, 549 S.W.2d 934, 939 (Mo.App.1977).

The judgment is affirmed.

GAERTNER, P.J., and SMITH, J., concur.