STATE of Missouri, Respondent,

v.

Clyde Wilbur BARRETT, Appellant.

No. 49941.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 20, 1986.

**490**

Doris Gregory Black, St. Louis, for appellant.

William L. Webster, Atty. Gen., Keven B. Behrndt, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Defendant, Clyde Barrett, appeals from a jury verdict finding him guilty of manslaughter, section 565.005 RSMo 1978, and sentencing him to thirteen years in prison. Defendant raises several points on this appeal. Finding each of them to be without merit, we affirm.

The facts are simply stated. Defendant and his girlfriend, Cora Mitchell, were quarreling at length. Defendant subsequently hit or slapped Ms. Mitchell in the face, and she fell backwards, striking her head on the pavement. A friend of both defendant and the victim arrived at the scene of the incident, and took the unconscious Ms. Mitchell to his residence. Shortly thereafter defendant arrived at the residence. He drove the victim to a nearby hospital. The diagnosis showed she suffered from a subdural hemotoma and coma. One week later she died.

In his first allegation of error, defendant contends the trial court erred in denying a motion to dismiss the indictment because of preindictment delay. Defendant asserts that the nine-month delay between the offense and the indictment was intentional, and, moreover, caused undue prejudice to his defense. Specifically, defendant alleges that the delay caused the memories of any witnesses to fade, and prevented defendant from locating an important witness, identified only as "Jesse."

In *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), the United States Supreme Court noted that preprosecution delay by the government may violate a defendant's constitutional right to due process. The Missouri Supreme Court has held that preindictment delay violates due process only if defendant shows that the delay caused substantial prejudice to his right to a fair trial and that the delay was used intentionally to gain a tactical advantage over the accused. *State v. Scott,* 621 S.W.2d 915, 917 (Mo.1981).

Initially, we note that appellate review of a trial court's finding of lack of prejudice must stand unless clearly erroneous. *United States v. Jackson,* 504 F.2d 337, 341 (8th Cir.1974), *cert. denied,* 420 U.S. 964, 95 S.Ct. 1356, 45 L.Ed.2d 442 (1975). After careful review of the record, we have determined that the trial court's finding of lack of prejudice is not clearly erroneous. Although a nine-month delay may be construed as unreasonable in certain circumstances, the defendant has failed to show the delay actually resulted in prejudice to his case. Defendant incorrectly relies on *United States v. Lovasco,* 532 F.2d 59 (8th Cir.1976), *reh'g denied,* 434 U.S. 881, 98 S.Ct. 242, 54 L.Ed.2d 164 (1977), which held that the death of a material witness during a period of delay unduly prejudices a defendant's case. In *Lovasco,* the court concluded that a seventeen-month delay between the alleged offense and the trial is unreasonable, and prejudice occurs when a material witness dies in the interim period. In the instant case, however, defendant has never shown that the delay

resulted in the unavailability of a material witness. Defendant asserts that his alleged key witness, "Jesse", was never located or available to testify. Accordingly, the delay did not cause the witness's unavailability, but rather allowed defendant a greater opportunity to locate the witness. Under these circumstances, we reject defendant's claim that prejudice resulted from the nine-month delay.

In his second allegation of error, defendant contends the trial court erred in denying his motion to dismiss the indictment due to prosecutorial misconduct. Defendant observes that the indictment stated defendant hit the victim with a brick, but no evidence was proffered at trial regarding the brick. The inclusion of such evidence in the indictment thus proves prosecutorial misconduct, according to defendant. Additionally, the prosecutor's complaint stated that defendant had Ms. Mitchell taken to another location, and kept there until she once again lost consciousness. In view of the fact that no evidence was introduced at trial proving the accused ordered the victim moved to another location, defendant asserts that the inclusion of such statements also constituted prosecutorial misconduct.

■ Defendant's attempted attack on the indictment is without merit. Ample evidence presented at trial established that defendant struck the victim with his fist or hand and that her head then hit the pavement, causing her to lose consciousness. Furthermore, testimony confirmed that defendant did have Ms. Mitchell taken to another location. Given this evidence, we reject defendant's claim that the indictment should have been dismissed because of prosecutorial misconduct.

■ Defendant next claims the trial court erred in instructing the jury upon capital murder and murder in the second degree for the reason that the evidence at trial failed to support those submissions. The general rule in Missouri is that a defendant is in no position to complain about the giving of an instruction on a certain degree of murder when he is not convicted of that offense. *State v. Buckles,* 636 S.W.2d 914, 918 (Mo. banc 1982); *State v. Singh,* 586 S.W.2d 410, 419 (Mo.App.1979). Since defendant was not convicted of capital murder or murder in the second degree he cannot now complain of that instruction, and his argument on this point is without merit.

In his fourth allegation of error, defendant argues that the trial court erred in instructing the jury on manslaughter because there was insufficient evidence to support a conviction of manslaughter. More specifically, defendant contends the evidence failed to show his actions were the natural and proximate cause of the victim's death. *See* MAI–CR2d 15.18.

A challenge to the sufficiency of the evidence mandates the court to review all evidence in the record supporting the jury's finding. *State v. Craig,* 642 S.W.2d 98, 101 (Mo. banc 1982). Moreover, all appropriate inferences are taken as true, and no consideration is given adverse evidence or inferences. *Id.* Our review is restricted to a determination of whether there is substantial evidence reasonably supporting a submissible case of manslaughter.

Missouri courts have consistently held that a defendant is responsible for the natural and proximate consequences of his participation in an attack upon a victim. *State v. Williams,* 652 S.W.2d 102, 111–12 (Mo. banc 1983). In *State v. Kincade,* 677 S.W.2d 361 (Mo.App.1984), the court held that defendant was legally accountable for the victim's death so long as the death resulted naturally from the beating administered by defendant. 677 S.W.2d at 364.

■ Reviewing the record in a light most favorable to the verdict, we hold that the jury could reasonably have concluded that defendant's actions were the proximate cause of the victim's death. The medical testimony was conclusive as to the cause of death. The operating physician stated that Ms. Mitchell's death resulted from a blow to the head. Defendant told a friend that he had knocked out his girlfriend. An eyewitness testified that she watched defendant strike the victim in the face, causing

her to fall back on the pavement. The evidence further showed that after defendant's violent attack, Ms. Mitchell never regained consciousness. Consequently, the trial court properly instructed the jury on manslaughter, and there was substantial evidence for the jury to conclude that defendant's actions were the proximate cause of Ms. Mitchell's death. This point is denied.

In his fifth allegation of error, defendant contends the trial court erred in excluding two of defendant's witnesses. The state had objected to the witnesses on the ground that they had not been endorsed before being called to testify. Defendant claims the witnesses were for rebuttal, and therefore not required to be endorsed. We agree with the trial court and hold against defendant on this point.

A rebuttal witness is a witness testifying during the rebuttal phase of the trial to "explain, counteract, repel or disprove ... evidence either directly or by implication." *State v. Cameron,* 604 S.W.2d 653, 658 (Mo.App.1980). In *Peters v. Dodd,* 328 S.W.2d 603 (Mo.1959), the defendants during the rebuttal phase of trial offered evidence which supported their case-in-chief, but which did not disprove plaintiffs' case-in-chief. *Id.* at 610. The *Peters* court held that a party cannot, as a matter of right, offer in rebuttal evidence which would have been admissible had it been offered in the case-in-chief. *Id.* Furthermore, a court should

> decline to permit either party to introduce evidence in support of his case in chief on rebuttal ... unless sufficient reason is offered for not introducing it at the proper time.

*Id.* The *Peters* court concluded that defendants failed to offer an explanation for not introducing the evidence at the proper time, and affirmed the trial court's decision.

 In the instant case, there is no dispute that the alleged rebuttal witnesses were introduced during the defendant's case-in-chief. The witnesses were not permitted to testify at that phase of the trial.

Moreover, defendant's counsel never offered an explanation for failing to introduce the testimony during the rebuttal phase of trial. The order and manner of presenting evidence at trial rests within the sound discretion of the trial court. *State v. Madison,* 459 S.W.2d 291, 293 (Mo.1970); *Peters v. Dodd,* 328 S.W.2d at 610. Defendant argues in the alternative that although the witnesses were not rebuttal witnesses, the state suffered no prejudice, and thus endorsement was unnecessary. Underlying defendant's argument is the claim that when opposing counsel is able to question a newly introduced witness prior to testimony, no surprise results. Defendant's argument is without merit. Endorsement of a witness is required to avoid surprise and delay. We thus hold that the trial court did not abuse its discretion, and reject defendant's plea for this court to vitiate the rule requiring endorsement of witnesses. *See* Rule 25.05(A)(2).

In his sixth allegation of error, defendant alleges the trial court erred in denying his motion for mistrial because the state failed to comply with discovery rules on disclosure. The circuit attorney's second complaint stated that defendant had the victim taken to another·location. The sole evidence at trial substantiating the statement in the complaint was the testimony of Henry Gant, which showed that defendant told Gant to take Ms. Mitchell to his residence. During pre-trial proceedings, defendant requested disclosure from the state regarding Gant's statements, but never received any information with respect to the moving of Ms. Mitchell. Defendant contends that the state's failure to disclose the source of the information until the morning of Gant's testimony should have barred the state from introducing the evidence.

 The general rule in Missouri is that a mistrial is a remedy restricted to extraordinary circumstances, and "[a] conviction resulting from a fair trial should not be reversed for the purpose of disciplining and deterring prosecutors...." *State v. Smothers,* 605 S.W.2d 128, 132 (Mo. banc 1980), *cert. denied,* 450 U.S. 1000, 101 S.Ct.

1708, 68 L.Ed.2d 203 (1981). The issue in this case, therefore, is whether the trial judge's refusal to grant a mistrial resulted in fundamental unfairness or prejudice to the rights of the defendant. The record does not show that the prosecutor intentionally concealed information from defense counsel. Rather, it appears the state also learned of Gant's statement regarding the victim's change of location on the morning Gant was scheduled to testify. Assuming *arguendo* that the prosecution did improperly withhold the information, the second complaint gave defendant ample notice that Ms. Mitchell was removed from the scene of the attack. Defendant's attorney was fully aware that a state's witness would testify about this allegation. Under these circumstances, the court's exercise of discretion did not result in fundamental unfairness to the rights of the defendant, and we find no prejudicial error on this point.

Defendant's final contention on appeal is that the trial court abused its discretion in sustaining the state's motion in limine to limit defendant's closing argument. Defendant contends the arguments prohibited were reasonably inferred from the evidence deduced at trial, and thus should have been permitted. It is well settled that the scope of closing argument is within the sound discretion of the trial court, and unless an abuse of that discretion is clearly shown, a conviction will not be overturned on appeal. *State v. Reynolds,* 608 S.W.2d 422, 426 (Mo.1980); *State v. Wood,* 596 S.W.2d 394, 403 (Mo. banc 1980), *cert. denied,* 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980); *State v. Simms,* 638 S.W.2d 791, 792 (Mo. App.1982). Furthermore, counsel may only argue the proper inferences deducible from the facts in evidence and upon the record. *State v. Heinz,* 607 S.W.2d 873, 878 (Mo. App.1980).

■ After careful review of the record, we hold the trial court properly limited defendant's closing argument. Defendant's attorney wished to draw inferences not deducible from the facts in evidence and upon the record, and which were irrelevant to the issues presented. Accordingly, the trial court did not abuse its discretion when it limited defendant's closing argument. Defendant's final point is denied.

The judgment is affirmed.

KAROHL, P.J., and SIMON, J., concur.