**CITY OF CAPE GIRARDEAU, Plaintiff-Respondent,**

v.

**Helen J. JONES, et al., Defendants-Appellants.**

No. 51486.

Missouri Court of Appeals, Eastern District, Division Four.

March 10, 1987.

Timothy J. Finnegan, St. Louis, for defendants-appellants.

Mary Catherine Hartnett, Cape Girardeau, for plaintiff-respondent.

GARY M. GAERTNER, Presiding Judge.

The appellants, Helen J. Jones, Carolyn R. Simmons, Anne M. Schumacher, Carol L. Armstrong, Carrie R. Parker, Majorica A. Eftink, and John P. Ryan, were found guilty by a jury of Trespass in the First Degree, a violation of Chapter 18, § 30(1) of the Ordinances of the City of Cape Girardeau, Missouri. Punishment was determined by the jury and each appellant was sentenced to fourteen days in jail and assessed a $500.00 fine.[1] On appeal, it is alleged that (1) there was insufficient evidence to establish a submissible case, (2) the prosecutor's closing argument was prejudicial, (3) there was error in the submission of an instruction, and (4) the trial court lacked jurisdiction. We affirm as to five appellants and reverse and remand as to two.

The sufficiency of the evidence is in dispute. According to the prosecution, a man and woman entered the Women's Health Center at 891 North Kingshighway, Cape Girardeau, at approximately 8:45 a.m. on July 3, 1985, and told an employee, Jessie

Jo Bryan, that they wanted a pregnancy test. As Ms. Bryan unlocked the door between the reception area and the offices in order to admit the couple, a group of approximately ten people pushed through the door. Ms. Bryan objected to their intrusion and told them not to enter and that their conduct was wrong. The individuals positioned themselves throughout the area, sat on the floor in front of office doors, sang songs, recited prayers, took photographs, and manipulated the telephones to preclude outgoing calls.

Another employee, Anna Malone, witnessed the group's intrusion into the office area and telephoned the police. The police arrived and learned from the Center's employees that appellants refused to leave the premises. The police addressed the group as a whole and each person individually, informing them that they were in violation of the law of trespassing. The officers asked them to leave and warned them that if they remained, they would be subject to arrest. Police Chief Johnson arrived and again asked the people to leave or face arrest. A few people left; those who did not were again individually informed of the trespass violation, asked to leave, and when appellants refused to move off the premises, the police handcuffed and carried them outside, and transported them to the police station. Appellants were subsequently charged with trespassing in violation of Chapter 18, § 30(1) of the Cape Girardeau Municipal Ordinances.[2] Approximately ten officers were involved in making the arrests.

At trial, Captain Boyd testified that he was present when all of the appellants were placed under arrest. He indicated on a diagram the location of each appellant at the time of his or her arrest. Captain Boyd also testified that he had a vivid independent recollection of each appellant. Of those officers appearing in court, Sergeant

**1.** The record indicates that appellants were charged in separate cases and tried in one consolidated case. The appeals of seven appellants were consolidated in this appeal.

**2.** This section reads:

"A person commits the offense of trespass in the first degree if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure or upon real property."

Moore made in-court identifications of Ms. Jones, Ms. Armstrong, and Ms. Simmons, while Sergeant Lemonds identified Ms. Eftink, Ms. Parker, Ms. Schumacher, and Mr. Ryan.

Five of the seven appellants testified at trial. Each one who testified admitted being present at 891 North Kingshighway in Cape Girardeau on July 3, 1985, and to not suffering from any hearing impairment. Each one's testimony was that he or she was not asked to leave or did not recall being asked to leave. The substance of each appellant's testimony was that he or she traveled from his or her home to Cape Girardeau, met with friends, and traveled to the Women's Health Center in order to protest against it. Each stated that he or she was arrested, handcuffed, and carried from the building.

In their first allegation of error,[3] appellants contend that the trial court erred in submitting the case to the jury because there was insufficient evidence to prove all elements of the violation charged beyond a reasonable doubt.

■ Initially, we note that the law in Missouri considers violations of municipal ordinances to be civil matters, but requires courts to apply the criminal standard of proof beyond a reasonable doubt because of the quasi-criminal aspects involved. *City of Kansas City v. Oxley*, 579 S.W.2d 113, 114 (Mo. banc 1979).

■ Where the sufficiency of the evidence is at issue, the court is mandated to review the record in the light most favorable to the verdict and to determine whether there is substantial evidence to reasonably support a submissible case of trespass. *State v. Barrett*, 710 S.W.2d 489, 491 (Mo.App., E.D.1986). On review of the record, we hold that the jury could reasonably have concluded that the appellants

were present at the Women's Health Center on July 3, 1985, that they were adequately informed of being in violation of the trespass ordinance, and that they remained unlawfully on the premises. The in-court identifications by, and the testimony of, the police officers placed the seven appellants inside the Women's Health Center. Of the five appellants who testified, each admitted being present at 891 North Kingshighway at the relevant time and date. The evidence showed that employees of the Women's Health Center requested that the appellants leave, and that the police addressed the appellants both as a group and as individuals on several occasions, informing them that they were in violation of the law of trespass and asking them to leave. The evidence also supports the finding that the appellants were arrested and physically removed from the premises. On this evidence, we conclude that there was substantial evidence from which the jury could find that appellants had violated the ordinance and, consequently, the trial court properly instructed the jury on the law of trespass. Appellants' allegations pertaining to procedural defects in the information and proof of ownership are without basis or support. This point is denied.

Appellant's second point finds error in the trial court's failure to declare a mistrial, *sua sponte*, during the assistant prosecutor's closing argument and in denying a motion for a new trial.

Near the beginning of her closing argument, the assistant city prosecutor stated:

> "The [five] defendants who testified all admitted that they were at the Women's Health Center on July 3, 1985. I caution you, however, that you are not allowed to hold it against [defendants Eftink and Schumacher] who chose not to testify.

**3.** We note, parenthetically, that the appellants herein did not raise the defense of necessity in the trial below. In the case of *City of St. Louis v. Klocker*, 637 S.W.2d 174 (Mo.App., E.D.1982), J. Pudlowski, dissenting, the defense of necessity, was offered by defendants who had been arrested for trespassing at Reproductive Health Services, an abortion clinic in St. Louis, Missouri. The defendants asserted the defense of ne-

cessity, based on their claim that their trespass was necessary and justified to save the lives of unborn fetuses. The defendants were unsuccessful in their argument; however, Judge Pudlowski's vigorous dissent raises thoughtful alternatives to this compelling issue of public concern. *See also:* Note, Necessity as a Defense to a Charge of Criminal Trespass in an Abortion Clinic, 48 Univ. of Cinn.L.Rev. 501 (1979).

That is [their] right, and you should not imply anything from that."

The defense made no objection to this statement and the prosecuting attorney made no further comment on Ms. Eftink's and Ms. Schumacher's failure to testify.

 Both the federal and Missouri constitutions guarantee the privilege against self-incrimination. U.S. Const., Amend. V; Mo. Const., Art. I, § 19. Missouri has also embodied the principle in § 546.270, RSMo 1978 and Rule 27.05(a). Comments about a defendant's failure to testify at trial are forbidden, and both direct and indirect references are included in this prohibition. Direct references use the words "defendant," "accused," and "testify," while indirect references draw the jury's attention to the fact that a defendant failed to testify. *State v. McNeal,* 517 S.W.2d 187, 188 (Mo.App., E.D.1974). Although the issue was not properly preserved for review because no objection was made, the plain error rule is available where the court determines that such references deprive an accused of the right to a fair trial and result in the miscarriage of justice. *State v. Reed,* 583 S.W.2d 531, 533 (Mo.App., E.D.1979). Because we believe that the assistant prosecutor's remark infringed on Ms. Eftink's and Ms. Schumacher's right against self-incrimination, we now review under the plain error doctrine. Rule 30.20.[4]

 The assistant city prosecutor's comment was a direct reference to Ms. Eftink's and Ms. Schumacher's failure to testify. The statement was made during closing argument, was directed to the jury, and the word "defendant" was specifically used. Remedial instructions, even if offered, do not cure the error of such direct references to the accused's failure to testify. *State v. Rothaus,* 530 S.W.2d 235, 237 (Mo. banc 1975). When the reference is direct and draws the jury's attention to the defendant's failure to testify, a new trial is mandated. *State v. Chunn,* 657 S.W.2d

292, 294 (Mo.App., E.D.1983); *State v. McNeal,* 517 S.W.2d 187, 188 (Mo.App., E.D.1974). We conclude that Ms. Eftink's and Ms. Schumacher's constitutional rights not to testify were violated and we accordingly reverse their convictions and remand for a new trial.

 Under this same point, appellants argue that the assistant city prosecutor's reference during closing argument about possible future acts by the appellants constituted prejudicial error. The remark in question was:

"We have absolutely no reason to believe that these same individuals will not be back at 891 North Kingshighway tomorrow doing the exact same thing, unless you send them a message that this kind of behavior will not be tolerated in our community."

We note that this issue was not preserved for review. Under plain error review, we find no manifest injustice, since it is settled law that "a prosecutor's argument is proper so long as the thrust of it is that a stiff sentence would deter the defendant as well as others from committing similar crimes." *State v. Hubbard,* 659 S.W.2d 551, 558 (Mo.App., W.D.1983); *see also State v. Newlon,* 627 S.W.2d 606, 618 (Mo. banc 1982) *rehearing denied,* 459 U.S. 1024, 103 S.Ct. 391, 74 L.Ed.2d 520 (1982); *State v. Laster,* 365 Mo. 1076, 293 S.W.2d 300, 306 (Mo. banc 1956); *State v. Clark,* 693 S.W.2d 137, 142 (Mo.App., E.D.1985).

 Finally, and also under this point, appellants contend that the assistant city prosecutor impermissibly referred to matters outside of the evidence, and thereby placed false issues before the jury. Specifically, appellants object to the prosecuting attorney's depiction of them as congregating at a Holiday Inn and participating in a common plan of action or scheme.

Appellants Parker, Jones, Ryan, and Armstrong all testified that they traveled to Cape Girardeau from their homes in other cities or towns in order to meet with

---

4. Appellants' brief implies that the direct reference to Ms. Eftink's and Ms. Schumacher's failure to testify tainted the entire proceedings and compels reversal for all appellants. However,

no authority has been suggested or given for such a result, nor has our own research found any.

other people and picket the Women's Health Center. This testimony was sufficient to allow the prosecution to draw reasonable inferences as to a scheme or plan of action, and to place these inferences before the jury. *State v. Barrett,* 710 S.W.2d 489, 493 (Mo.App., E.D.1986). For all of the foregoing reasons, appellants' second point is denied.

Appellants next point alleges error in the submission of Instruction 13, which it claims deviated impermissibly from the applicable MAI–CR 2.72 and resulted in prejudice to appellants. The purpose of MAI–CR 2.72 [5] is to assure that the jury applies the law and evidence independently as to each defendant and to avoid the possibility of rendering a "group" verdict. Instruction No. 13 was identical to MAI–CR 2.72 except that it omitted the following sentence: "[a]ny evidence which was or has been limited to one defendant or one offense or one purpose should not be considered by you as to another defendant or another offense or for any other purpose."

■■■■ Deviation from applicable MAI instructions is error and its prejudicial effect is to be judicially determined. Rule 28.02(e); *State v. Grant,* 560 S.W.2d 39, 44 (Mo.App., E.D.1977). We find no prejudicial error in the submission of Instruction No. 13, since there was no evidence which was limited to one defendant or one offense or one purpose. Moreover, the instruction clearly mandated the jury to consider each defendant, and the evidence against each defendant, on an independent basis. Further, only one defendant was named on each verdict director and individual verdict forms were issued, all of which underscored the jury's charge to treat each defendant separately. Finally, the jury returned separate findings of guilt for each defendant. This point is denied.

In their fourth point, appellants challenge the court's jurisdiction on the basis that the ordinance was not properly in evidence. "Municipal prosecution requires proof of the ordinances upon which the prosecution rests." *City of Kansas City v. Mullen,* 690 S.W.2d 421, 422 (Mo.App., W.D.1985). In pretrial conference, the assistant city prosecutor offered certified copies of the relevant ordinances and these ordinances were received into evidence and marked as Plaintiffs Exhibits No. 1 through No. 3. Appellants argue that the pretrial ruling did not satisfy the requirements for the introduction of municipal ordinances into evidence.

■■■ In this case, the trial court did not lack knowledge of the content of the ordinances because certified copies were filed nor are we without such knowledge, since the record on appeal contains certified copies of the ordinances. *Compare City of Kansas City v. Rule,* 680 S.W.2d 236, 237 (Mo.App., W.D.1984). The prosecutor fully complied with the evidentiary requirements for municipal ordinances by submitting into evidence certified copies of the ordinances. §§ 490.240 and 479.250, RSMo 1978. Point denied.

The judgment of the trial court is affirmed in part, and reversed and remanded in part.

STEPHAN, J., concurs.

SATZ, J., concurs in separate opinion.

SATZ, Judge, concurring.

I concur in the result reached by the majority. As noted in footnote 3 of the majority opinion, the defense of necessity was not used at trial in the present case. As also noted by the majority, the defense of necessity was raised in *City of St. Louis v. Klocker,* 637 S.W.2d 174 (Mo.App.1982). The facts in *Klocker* are similar to the present facts. In *Klocker,* the majority rejected the defense of necessity. I au-

---

**5.** MAI–CR 2.72 reads as follows:

You should give separate consideration to each defendant. Each of the defendants is entitled to have his case decided on the evidence and the law which is applicable to him. Any evidence which was or has been limited to one defendant or one offense or one purpose should not be considered by you as to another defendant or another offense or for any other purpose.

You may find any one or more of the defendants guilty or not guilty.

You should render a separate verdict as to each defendant.

thored the majority opinion. I found the defense of necessity to be unpersuasive. I would find it equally unpersuasive here.