STATE of Missouri,
Plaintiff–Respondent,

v.

John J. HARTMANN,
Defendant–Appellant.

No. 56034.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 12, 1989.

Donald L. Wolff, Sean J. O'Hagan, Clayton, for defendant-appellant.

William M. Nelson, Asst. Circuit Atty., Michael G. Ravetta, Chief Asst. Circ. Atty., St. Louis, for plaintiff-respondent.

REINHARD, Judge.

Defendant appeals from his conviction by a jury of indecent exposure, § 566.130, RSMo 1986, and court imposed fine of $125 made in accordance with the jury's assessment he be fined only. We affirm.

Defendant does not challenge the sufficiency of the evidence on appeal. His sole point is that the prosecutor

> committed plain error when in the second portion of his closing argument, he threatened the jury that its failure to convict appellant would be tantamount to telling the metropolitan St. Louis Police Department that their patrolling of various parks in the City of St. Louis for aberrant and illegal sexual behavior would immediately end, and by implication, that failure to convict appellant would result in a message to the commu-

nity that aberrant and illegal sexual behavior was to be permitted, for the reason that those remarks were improper, unfair and calculated to inflame the passions of the jury, and results in a verdict based on fear and prejudice.

The prosecutor's argument defendant complains of in his point follows:

> [PROSECUTOR]: Ladies and Gentlemen, no matter what your verdict is today it is going to send a message. It's going to send a message saying to the police or it's going to send a message out to the defendant and all of other people like the defendant who do this kind of stuff in the public restrooms—
>
> [DEFENSE COUNSEL]: —I object to that line of argument. It's totally irrelevant and it's inflammatory to the jury. What's he's saying is, that if they find [defendant] not guilty that—
>
> THE COURT: —Sustained. I'll sustain the objection to the latter. Proceed.
>
> [PROSECUTOR]: Now, Ladies and Gentlemen, if you tell the police that what they did on August 31, 1987, was wrong, or that somehow you don't believe them, the're (sic) not going to go to Tower Grove Park—
>
> [DEFENSE COUNSEL]: —I object. It's totally inflamatory; it's improper argument—
>
> THE COURT: —The objection is sustained based on the court's earlier ruling. Proceed, [prosecutor].

Defendant had a duty to request the court to take corrective action after the court sustained his objection if he desired further relief. *See State v. Garner,* 760 S.W.2d 893, 901 (Mo.App.1988), *State v. Jones,* 748 S.W.2d 898, 901–02 (Mo.App. 1988). Because defendant did not request further relief we review only for plain error and we understand defendant's point to be that the court committed plain error by not declaring sua sponte a mistrial after the prosecutor made the argument.

To invoke the plain error rule (Rule 30.-20), which is to be invoked sparingly, there must be a "sound, substantial manifestation," or "strong, clear showing," that injustice or miscarriage of justice will result

if the rule is not invoked. Under this standard, alleged errors during closing argument do not justify relief unless they have a decisive effect on the jury. *State v. McKinley,* 689 S.W.2d 628, 632 (Mo.App. 1984).

To the extent the argument is an assertion that a stiff sentence would deter the commission of similar crimes, the argument was proper. *City of Cape Girardeau v. Jones,* 725 S.W.2d 904, 908 (Mo.App.1987) (*citing State v. Hubbard,* 659 S.W.2d 551, 558 (Mo.App.1983)). Regardless of whether the argument that the jury could, in effect, halt police efforts to stop such crimes from occurring in the park was proper, our review is for plain error. The argument was cut short by defendant's timely objection which the court sustained. The prosecutor abandoned any attempt to renew this line of argument after the court's ruling. The argument could not have had a decisive effect on the jury.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.